**STATE of Iowa, Plaintiff,**

v.

**IOWA DISTRICT COURT FOR SCOTT COUNTY, Defendant.**

No. 93–346.

Supreme Court of Iowa.

Nov. 24, 1993.

Rehearing Denied Dec. 22, 1993.

Bonnie J. Campbell, Atty. Gen., Robert P. Ewald and Virginia Barchman, Asst. Attys. Gen., William E. Davis, County Atty., for plaintiff.

Kent A. Simmons, Davenport, for defendant.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL, and TERNUS, JJ.

PER CURIAM.

Eugene Peter Van Driel, age fifty-five, was convicted of sexual abuse in the third degree in violation of Iowa Code section 709.-4(2)(c)(4) (1991) (abuser, who is at least six years older than the victim, commits a sex act with a fourteen- or fifteen-year-old). Van Driel filed an appeal, and the district court admitted Van Driel to bail pending appeal.

The State petitioned for writ of certiorari, contending the district court exceeded its authority in admitting Van Driel to bail. We granted the State's petition, and we now sustain the writ.

■ We first address Van Driel's claim that the State failed to preserve error on its challenge. At the sentencing hearing, the prosecutor alerted the court to the State's objection to bail and gave the court an opportunity to correct its decision. The court did not directly respond to the prosecutor's argument, but the decision to admit Van Driel to bail was tantamount to a ruling. This was sufficient to preserve error for appeal. *See State v. Walker*, 304 N.W.2d 193, 195 (Iowa 1981).

Iowa Code section 811.1 (1991) states in pertinent part:

> All defendants are bailable ... except that the following defendants shall not be admitted to bail: ... (2) A defendant appealing a conviction of ... sexual abuse in the third degree....

This Code section unambiguously made Van Driel nonbailable. When a statute is clear, a court looks no further than the express terms of the statute. *State v. Koplin*, 402 N.W.2d 423, 425 (Iowa 1987).

■ Van Driel challenges section 811.1(2) on equal protection grounds by arguing the classification of what offenses are nonbailable is not rational. To prevail on an equal protection challenge to a nonsuspect classification, a defendant must negate every reasonable basis for the classification. *State v. Anderson*, 338 N.W.2d 372, 375 (Iowa 1983).

■ *Anderson* involved an equal protection challenge to Iowa Code section 811.1 (1981). *Id.* The list of nonbailable offenses has changed since 1981 and now includes nonforcible felonies such as Van Driel's crime.

694

We find, however, that the legislature could reasonably determine that defendants convicted of the crimes listed in Iowa Code section 811.1 (1991) are poorer bail risks than defendants convicted of other crimes. Furthermore, "there is also a rational basis for predicating the legislation on the interests in the protection of society." *Id.* at 376. Because the State has a vital interest in the sexual activities of its young citizens, the legislature may decide to treat sexual abuse crimes similarly regardless of whether the abuse was committed with force. *State v. Cobb,* 311 N.W.2d 64, 67 (Iowa 1981). We therefore reject Van Driel's equal protection challenge.

The district court order admitting Van Driel to bail is annulled, and the writ of certiorari is sustained.

**WRIT SUSTAINED.**