**IN THE SUPREME COURT OF IOWA**

No. 07–0703

Filed November 14, 2008

**STATE OF IOWA,**

Appellant,

vs.

**KELLY LEE WADE,**

Appellee.

_____

Appeal from the Iowa District Court for Johnson County, Stephen C. Gerald II, Judge.

The State appeals a district court ruling that the special sentencing provisions of Iowa Code section 903B.2 are unconstitutional. **JUDGMENT OF CONVICTION AFFIRMED. SENTENCE AFFIRMED IN PART AND VACATED IN PART; CASE REMANDED FOR RESENTENCING.**

Thomas J. Miller, Attorney General, Elisabeth S. Reynoldson, Assistant Attorney General, and Janet M. Lyness, County Attorney, for appellant.

Paul D. Miller of Miller Law Office, Iowa City, for appellee.

**BAKER, Justice.**

The State appeals the district court's ruling, in which the court refused to impose the special sentence provisions of Iowa Code section 903B.2 (Supp. 2005) on Kelly Lee Wade, who had been convicted of indecent exposure under chapter 709. The district court found the statute was "illegal and unconstitutional." In this case, the court is asked to decide whether the special sentencing provisions of Iowa Code section 903B.2 violate the United States Constitution's prohibition against cruel and unusual punishment, the separation-of-powers doctrine, and the Equal Protection Clauses of the United States and Iowa Constitutions. Because we find Iowa Code section 903B.2 is neither illegal nor unconstitutional, we remand this case with instructions that the sentence under section 903B.2 be imposed.

## I. Background Facts and Prior Proceedings.

On May 23, 2006, Wade entered a beauty salon and inquired about a pubic wax procedure. He unzipped his pants and exposed his pubic hair to a stylist, then zipped his pants, turned toward another stylist, placed his hand down his pants, and rubbed himself. On July 5, Wade was charged by trial information with indecent exposure, a serious misdemeanor, in violation of Iowa Code section 709.9. Wade initially entered a plea of not guilty. He later withdrew the not-guilty plea and entered a guilty plea but resisted the district court's imposition of a special sentence under Iowa Code section 903B.2. Pursuant to the guilty plea, Wade was convicted of indecent exposure. He was sentenced to serve 365 days in jail, with 355 days of the sentence suspended, and was placed on probation for two years.

Wade filed a motion to determine the constitutionality of section 903B.2, which imposes a special sentence for a person convicted of a

misdemeanor under chapter 709. Pursuant to Iowa Code section 903B.2,

> A person convicted of a misdemeanor or a class "D" felony offense under chapter 709 . . . shall also be sentenced, in addition to any other punishment provided by law, to a special sentence committing the person into the custody of the director of the Iowa department of corrections for a period of ten years, with eligibility for parole as provided in chapter 906. The special sentence imposed under this section shall commence upon completion of the sentence imposed under any applicable criminal sentencing provisions for the underlying criminal offense and the person shall begin the sentence under supervision as if on parole. The person shall be placed on the corrections continuum in chapter 901B, and the terms and conditions of the special sentence, including violations, shall be subject to the same set of procedures set out in chapters 901B, 905, 906, and 908, and rules adopted under those chapters for persons on parole. The revocation of release shall not be for a period greater than two years upon any first revocation, and five years upon any second or subsequent revocation.

Wade asserted the application of the statute is an illegal sentence and unconstitutional, as violative of the Due Process Clauses of the United States and Iowa Constitutions and the prohibition against cruel and unusual punishment contained in the United States Constitution. Wade later supplemented his motion and asserted section 903B.2 is overbroad and violates the Equal Protection Clauses of the United States and Iowa Constitutions. He also asserted that the sentence violated the separation-of-powers doctrine. The district court found the special sentence provisions of section 903B.2 were "illegal and unconstitutional under the laws applicable to this case for the reasons set forth in the defendant's objections" and refused to impose the special sentence on Wade. The State appeals.

## II. Scope of Review.

This court reviews challenges to the constitutionality of a statute de novo. *State v. Keene*, 629 N.W.2d 360, 363 (Iowa 2001). "[W]e must

remember that statutes are cloaked with a presumption of constitutionality. The challenger bears a heavy burden, because it must prove the unconstitutionality beyond a reasonable doubt." *State v. Seering*, 701 N.W.2d 655, 661 (Iowa 2005) (citing *State v. Hernandez-Lopez*, 639 N.W.2d 226, 233 (Iowa 2002)). This court reviews the district court's interpretation of a statute for correction of errors at law. Iowa R. App. P. 6.4; *State v. Boggs*, 741 N.W.2d 492, 498 (Iowa 2007); *State v. Mott*, 731 N.W.2d 392, 394 (Iowa 2007).

### III. Issues Waived.

In his brief to this court, Wade does not argue due process or overbreadth as reasons for upholding the district court's ruling. He has therefore waived these issues. *See* Iowa R. App. P. 6.14(1)(*c*) ("Failure in the brief to state, to argue, or to cite authority in support of an issue may be deemed waiver of that issue.").

### IV. Cruel and Unusual Punishment.

"The United States Constitution prohibits 'cruel and unusual' punishment, and this prohibition is applicable to the states through the Fourteenth Amendment." *State v. Phillips*, 610 N.W.2d 840, 843 (Iowa 2000) (citing U.S. Const. amend. VIII; *State v. Lara*, 580 N.W.2d 783, 784 (Iowa), *cert. denied*, 525 U.S. 1007, 119 S. Ct. 523, 142 L. Ed. 2d 434 (1998)). "[T]he Eighth Amendment's protection against excessive or cruel and unusual punishments flows from the basic 'precept of justice that punishment for [a] crime should be graduated and proportioned to [the] offense.'" *Kennedy v. Louisiana*, ___ U.S. ___, ___, 128 S. Ct. 2641, 2649, 171 L. Ed. 2d 525, 538 (2008) (quoting *Weems v. United States,* 217 U.S. 349, 367, 30 S. Ct. 544, 549, 54 L. Ed. 793, 798 (1910)). Punishment may be considered cruel and unusual "because it is 'so excessively severe

that it is disproportionate to the offense charged.' " *Phillips*, 610 N.W.2d at 843–44 (quoting *Lara*, 580 N.W.2d at 785).

> Generally, a sentence that falls within the parameters of a statutorily prescribed penalty does not constitute cruel and unusual punishment. Only extreme sentences that are "grossly disproportionate" to the crime conceivably violate the Eighth Amendment.
>
> Substantial deference is afforded the legislature in setting the penalty for crimes. Notwithstanding, it is within the court's power to determine whether the term of imprisonment imposed is grossly disproportionate to the crime charged. If it is not, no further analysis is necessary.

*State v. Cronkhite*, 613 N.W.2d 664, 669 (Iowa 2000) (quoting *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S. Ct. 2680, 2705, 115 L. Ed. 2d 836, 869 (1991)) (other citations omitted); *see also Rummel v. Estelle*, 445 U.S. 263, 272, 100 S. Ct. 1133, 1138, 63 L. Ed. 2d 382, 390 (1980) ("Outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare."); *Lara*, 580 N.W.2d at 785 ("Legislative determinations of terms of imprisonment are given a strong presumption of constitutionality.").

Indecent exposure is a serious misdemeanor, punishable by a term of imprisonment not to exceed one year. Iowa Code § 903.1(1)(*b*). Pursuant to Iowa Code section 903B.2, Wade is subject to a ten-year special sentence, whereby if he violates the terms of his parole, he will be sentenced to additional imprisonment for a term not to exceed two years for a first offense and not to exceed five years for a second offense. Wade contends that committing him to the custody of the director of the Iowa department of corrections for ten years, with mandatory revocation and imprisonment terms of two or five years for parole violations, is "grossly disproportionate" to the allowable maximum sentence for a serious misdemeanor, and therefore violates the cruel-and-unusual clause of the Constitution.

Our analysis begins with application of a threshold test that measures " 'the harshness of the penalty against the gravity of the offense.' " *Seering*, 701 N.W.2d at 670 (quoting *State v. Rubino*, 602 N.W.2d 558, 564 (Iowa 1999)); *see also State v. Musser*, 721 N.W.2d 734, 749 (Iowa 2006) (noting the proportionality test is used only in those rare cases where " 'a threshold comparison of the crime committed to the sentence imposed leads to an inference of gross disproportionality.' " (quoting *Lara*, 580 N.W.2d at 785)). The analysis of whether a sentence is "grossly disproportionate in view of the gravity" of the offense "is undertaken objectively without considering the individualized circumstances of the defendant or the victim in this case." *Musser*, 721 N.W.2d at 749.

This court has held that a two-year sentence for violating a residency restriction for sex offenders "is in appropriate proportion with the crime and thus is not cruel and unusual punishment." *Seering*, 701 N.W.2d at 670. Noting that the restriction had "been created to enforce an important state interest in protecting persons against sexual offenders," the court held that "a potential two-year penalty attached to a violation of the statute is [not] disproportionate when 'measuring the harshness of the penalty against the gravity of the offense.' " *Id.* (quoting *Rubino*, 602 N.W.2d at 564); *see also United States v. Moriarty*, 429 F.3d 1012, 1025 (11th Cir. 2005) (holding a term of lifetime supervised release not grossly disproportionate to child pornography offense).

In this case, the statute commits an offender into the custody of the department of corrections where "the person shall begin the sentence under supervision as if on parole." Iowa Code § 903B.2. Any additional imprisonment will be realized only if Wade violates the terms of his parole. Iowa Code section 903B.2 is not grossly disproportionate to the

acts of committing the crime of indecent exposure and subsequently violating parole terms, and thus is not cruel and unusual punishment.

### V. Equal Protection.

Wade also contends section 903B.2 violates the equal protection clauses of the United States and Iowa Constitutions. "Because neither party in this case has argued that our equal protection analysis under the Iowa Constitution should differ in any way from our analysis under the Federal Constitution, we decline to apply divergent analyses in this case." *Sanchez v. State*, 692 N.W.2d 812, 817 (Iowa 2005).

"The Fourteenth Amendment to the United States Constitution and article I, section 6 of the Iowa Constitution provide individuals equal protection under the law. This principle requires that 'similarly situated persons be treated alike under the law.'" *Wright v. Iowa Dep't of Corr.*, 747 N.W.2d 213, 216 (Iowa 2008) (quoting *In re Det. of Williams*, 628 N.W.2d 447, 452 (Iowa 2001)).

> [T]he Fourteenth Amendment does not deny to States the power to treat different classes of persons in different ways. The Equal Protection Clause of that amendment does, however, deny to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification "must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike."

*Reed v. Reed*, 404 U.S. 71, 75–76, 92 S. Ct. 251, 253–54, 30 L. Ed. 2d 225, 229 (1971) (quoting *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415, 40 S. Ct. 560, 561, 64 L. Ed. 989, 990 (1920)) (other citations omitted).

To determine whether a statute violates equal protection, we first determine whether the statute makes a distinction between similarly situated individuals. *Wright*, 747 N.W.2d at 216. While Wade identifies

a class of similarly situated persons, we find that under Iowa Code section 903B.2 those persons are not accorded different treatment. Further, the legislature could have rationally determined that a classification imposing a special sentence on all offenders who have committed sex crimes, whether serious misdemeanors or felonies, advances the governmental objective of protecting citizens from sex crimes.

Iowa Code section 903B.2 subjects persons convicted of class "D" felony offenses or misdemeanors under chapter 709 (sexual abuse), section 726.2 (incest), or section 728.12 (sexual exploitation of a minor) to the special sentence. Essentially, section 903B.2 places offenders who have committed certain sex crimes in a unique class and imposes upon them a special sentence.

Wade claims that "[p]lacing a person convicted of the serious misdemeanor Indecent Exposure in the same classification as Class D felons is not a reasonable classification." Wade argues that subjecting serious misdemeanants and felons to the same special sentence is unreasonable because under the Iowa sentencing and probation structure, misdemeanants are otherwise treated less harshly than felons.

Under equal protection, it is the nature of the offense and not its criminal classification that determines whether offenders are similarly situated. *See People v. Friesen*, 45 P.3d 784, 785 (Colo. Ct. App. 2001) (concluding that different felony classifications merely set forth the penalty ranges for classes of offenses and do not create classes of offenders, therefore, a defendant is only similarly situated with defendants who commit the same or similar acts). Here, the nature of the offense is a sex crime. Therefore, offenders who commit sex crimes

are similarly situated, whether their particular offense is classified as a misdemeanor or felony.

Even though Wade has identified two classes that are similarly situated, Wade's equal protection argument fails because under Iowa Code section 903B.2 offenders who commit serious misdemeanor sex crimes and offenders who commit felony sex crimes are not treated differently. Under equal protection, "all persons similarly circumstanced shall be treated alike." *Reed*, 404 U.S. at 75–76, 92 S. Ct. at 253–54, 30 L. Ed. 2d at 229. Where there is no disparate treatment of similarly situated individuals, an equal protection claim fails. Section 903B.2 imposes the special sentence upon all sexual offenders, both serious misdemeanants and felons. Serious misdemeanant sexual offenders and felony sexual offenders are similarly situated and similarly treated. Under Wade's challenged classification, Iowa Code section 903B.2 does not violate equal protection. *See People v. Williams*, 89 P.3d 492, 495 (Colo. Ct. App. 2003) (rejecting defendant's argument that provision which "provides the same sentence enhancement whether accompanied by misdemeanor or felony sexual assault," and therefore unfairly subjected misdemeanants to the same punishment as felons, violates equal protection).

The district court held, without elaboration, that section 903B.2 denies offenders who commit sex crimes "the same equal protections of the laws as other criminal offenders." We will address this classification as well. The State has a strong interest in protecting its citizens from sex crimes. *State v. Iowa Dist. Ct. for Scott County*, 508 N.W.2d 692, 694 (Iowa 1993) (per curiam); *see also Seering*, 701 N.W.2d at 665 (noting the strong government interest in preventing sex offenders from reoffending). Moreover, "[t]he legislature enjoys broad discretion in

defining and classifying criminal offenses." *State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002) (citing *State v. Ceaser*, 585 N.W.2d 192, 196 (Iowa 1998)).

Because sex offenders present a special problem and danger to society, the legislature may classify them differently. This court has previously held, that "[t]he legislature is free to single out sexually violent predators from other violent offenders. The particularly devastating effects of sexual crimes on victims . . . provide a rational basis for the classification." *In re Morrow*, 616 N.W.2d 544, 549 (Iowa 2000). This court has also determined that "the legislature may decide to treat sexual abuse crimes similarly *regardless of whether the abuse was committed with force.*" *Iowa Dist. Ct. for Scott County*, 508 N.W.2d at 694 (citing *State v. Cobb*, 311 N.W.2d 64, 67 (Iowa 1981)) (emphasis added). "[I]t is up to the legislature to determine the most appropriate method of punishing and deterring criminal activity." *Biddle*, 652 N.W.2d at 203 (citing *Ceaser*, 585 N.W.2d at 199). " 'As long as the classificatory scheme chosen by [the legislature] rationally advances a reasonable and identifiable governmental objective, we must disregard the existence of other methods . . . that we, as individuals, perhaps would have preferred.' " *Sanchez*, 692 N.W.2d at 818 (quoting *Schweiker v. Wilson*, 450 U.S. 221, 235, 101 S. Ct. 1074, 1083, 67 L. Ed. 2d 186, 198 (1981)). The fact that sexual offenders, both serious misdemeanants and felons, are subject to different sentencing provisions than non-sexual offenders raises no equal protection issue because it serves the legitimate government interest of protecting the public from sex crimes.

Other jurisdictions have also come to this conclusion. *See In re Blodgett*, 510 N.W.2d 910, 917 (Minn. 1994) (rejecting equal protection challenge to a similar statute, noting that there are "genuine and

substantial distinctions" between the sexual predator and other criminals because "the sexual predator poses a danger that is unlike any other"); *see also Martin v. People*, 27 P.3d 846, 862 (Colo. 2001) (recognizing "the legislature's continuing desire to set sex offenders apart from other offenders"); *Friesen*, 45 P.3d at 785 (concluding non-sexual offenders are not similarly situated with sex offenders).

In upholding the constitutionality of the Alaska Sex Offender Registration Act against an *ex post facto* challenge, the United States Supreme Court stated that:

> Alaska could conclude that a conviction for a sex offense provides evidence of substantial risk of recidivism. The legislature's findings are consistent with grave concerns over the high rate of recidivism among convicted sex offenders and their dangerousness as a *class*. The risk of recidivism posed by sex offenders is "frightening and high."

*Smith v. Doe*, 538 U.S. 84, 103, 123 S. Ct. 1140, 1153, 155 L. Ed. 2d 164, 183–84 (2003) (emphasis added) (quoting *McKune v. Lile*, 536 U.S. 24, 34, 122 S. Ct. 2017, 2025, 153 L. Ed. 2d 47, 57 (2002)). We conclude that sex offenders are not similarly situated to other criminal offenders, and therefore, under this challenged classification, Iowa Code section 903B.2 does not violate equal protection.

In finding section 903B.2 unconstitutional, the district court also noted "[t]he statutes concerned make no provision to distinguish parole violations of a sexual nature with more basic parole violations." According to the district court, this failure could result in prison sentences, for sex offenders only, "for parole infractions such as consuming alcohol or failing to maintain employment." Although we appreciate the district court's concern, we question whether this issue is ripe for our determination.

> A case is ripe for adjudication when it presents an actual, present controversy, as opposed to one that is merely

hypothetical or speculative. The basic rationale for the ripeness doctrine

> is to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties.

*State v. Iowa Dist. Ct. for Black Hawk County*, 616 N.W.2d 575, 578 (Iowa 2000) (quoting *Abbott Lab. v. Gardner,* 387 U.S. 136, 148–49, 87 S. Ct. 1507, 1515, 18 L. Ed. 2d 681, 691 (1967), *overruled on other grounds by Califano v. Sanders*, 430 U.S. 99, 105, 97 S. Ct. 980, 984, 51 L. Ed. 2d 192, 199 (1977)) (other citations omitted).

We must determine if the issues raised by the district court are administrative decisions for the department of corrections and board of parole or a judicial decision for the sentencing court and whether there has been an administrative decision that has affected the defendant. Because we conclude in the following section that the issues raised by the district court regarding minor parole infractions are administrative decisions and the concerns expressed by the district court have not come to pass, we find that this issue is not ripe.

### VI. Separation of Powers.

Wade also argues that section 903B.2 violates the separation-of-powers doctrine of the Iowa Constitution because it allows an administrative parole judge to revoke an offender's special sentence and sentence him or her to a prison term for parole violations.

The separation-of-powers clause provides:

The powers of the government of Iowa shall be divided into three separate departments—the legislative, the executive, and the judicial: and no person charged with the exercise of powers properly belonging to one of these departments shall exercise any function appertaining to either of the others, except in cases hereinafter expressly directed or permitted.

Iowa Const. art. III, § 1. The "doctrine is violated 'if one branch of government purports to use powers that are clearly forbidden, or attempts to use powers granted by the constitution to another branch.' " *Klouda v. Sixth Judicial Dist. Dep't of Corr. Servs.*, 642 N.W.2d 255, 260 (Iowa 2002) (quoting *Phillips*, 610 N.W.2d at 842).

"Judicial power vested in the courts by the Iowa Constitution is the power to decide and pronounce a judgment and carry it into effect. Any encroachment upon that power is a violation of the separation-of-powers doctrine." *Id.* at 261. "[T]here is no encroachment on judicial power when the legislature prescribes certain acts as crimes, provides penalties for their violation, and authorizes or withholds probation." *Id.* To the extent a statute transfers sentencing functions to another branch of government, it violates the separation-of-powers doctrine. *Id.* at 262.

Bearing these principles in mind, in *Klouda* this court determined that statutes which allowed administrative law judges to revoke or continue *probation* encroached on judicial power. *Id.* at 262–63. "Although suspending a sentence and granting probation do not constitute imposing a sentence . . . they are akin to sentencing in that they represent a sentencing alternative." *Id.* at 262 (citing *State v. Wright*, 202 N.W.2d 72, 76 (Iowa 1972)). The court held that to the extent the statutes involved sentencing functions, which "are clearly reserved to the judiciary," they violated the separation-of-powers doctrine. *Id.* The question in this case, then, is to what extent does the special sentencing statute involve sentencing functions.

The State argues that section 903B.2 does not violate the separation-of-powers doctrine because the special sentence is not a "sentencing alternative." *See id.* Iowa Code section 903B.2 states an offender "*shall also be sentenced . . .* to a special sentence . . . for a period

of ten years . . . *as if on parole.*" (Emphasis added.) Thus, the ten-year sentence is mandatory, but upon commencement of the sentence, the offender is immediately and automatically placed on parole. This court has previously noted that "[p]robation 'relates to *judicial action* taken before the prison door is closed.' In contrast, parole 'relates to executive or administrative action taken after the door has been closed on the convict.' ". *Klouda*, 642 N.W.2d at 262 (quoting *Wright*, 202 N.W.2d at 76) (emphasis added); *see also Doe v. State*, 688 N.W.2d 265, 271 (Iowa 2004). The parole board, an executive agency, is vested with the authority to determine which prisoners are released on parole. Iowa Code § 906.3. "Historically, corrections officials have been given broad discretion with respect to the role parole rightly plays in an individual prisoner's constructive reintegration into society." *Larsson v. Iowa Bd. of Parole*, 465 N.W.2d 272, 275 (Iowa 1991). In Iowa, most parole decisions are legitimately within the discretion of the executive branch. *Doe*, 688 N.W.2d at 271.

Pursuant to Iowa Code section 908.5, if a parole violation is established, an administrative parole judge may continue the parole with or without modification or revoke the parole and require the parolee to serve the sentence originally imposed.

> "As part of its power the legislature can grant to the parole board the exclusive power to determine *if* a parole permit shall be revoked and any such revocation by the parole board made within the limits of the legislative authority given to it cannot be attacked."

*Larsson*, 465 N.W.2d at 276 (quoting *State v. Fazzano*, 194 A.2d 680, 684 (R.I. 1963)). Clearly parole continuance, modification, and revocation decisions are considered parole decisions rather than sentencing decisions.

Here, the legislature simply extended Iowa's parole supervision scheme to require additional supervision for sex offenders consistent with the state's objective of protecting citizens from sex crimes. The sentence is automatic. To the extent there are consequences from a parole violation, such decisions are executive or administrative decisions and no judicial function is involved. The consequences of a parole violation under Section 903B.2 do not involve sentencing functions and therefore the statute does not violate the separation-of-powers doctrine.

## VII. Illegal Sentence/Conflict of Law.

Wade also argues that imposition of the special sentence "is an illegal sentence as it conflicts with and violates the maximum period of confinement" and length of probation provisions of Iowa Code sections 907.7 and 907.11. The district court ruled the special sentence provisions of section 903B.2 were "illegal and unconstitutional under the laws applicable to this case for the reasons set forth in the defendant's objections." An illegal sentence is one which is not authorized by statute. *Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001). Here, the special sentence would be imposed pursuant to section 903B.2 and is specifically authorized by that statute.

Wade argues that imposition of the special sentence conflicts with and violates the Iowa Code sections regarding sentencing for misdemeanors and should therefore be declared unconstitutional. *Compare* Iowa Code § 903B.2 ("A person convicted of a misdemeanor or a class "D" felony offense under chapter 709, section 726.2, or section 728.12 shall also be sentenced, in addition to any other punishment provided by law, to a special sentence committing the person into the custody of the director of the Iowa department of corrections for a period of ten years, with eligibility for parole as provided in chapter 906."), *with*

*id.* § 903.1(1)(*b*) ("For a serious misdemeanor, there shall be a fine of at least three hundred fifteen dollars but not to exceed one thousand eight hundred seventy-five dollars. In addition, the court may also order imprisonment not to exceed one year."). We do not see any constitutional implications.

The sole issue is whether there is an impermissible conflict between sections 903B.2 and 903.1(1)(*b*). We find this argument to be simply disingenuous. Wade was convicted of a serious misdemeanor. Section 903.1 provides the sentences for misdemeanors and provides different penalties for each class of misdemeanor. In the introductory section of the statute, however, it states that the court shall determine the sentence under this section, if a person is convicted of a "serious misdemeanor *and a specific penalty is not provided for.*" Iowa Code § 903.1 (emphasis added). Under section 907.7, the length of probation for a misdemeanor shall not exceed two years. Pursuant to section 906.15, "a person released on parole shall be discharged when the person's term of parole equals the period of imprisonment specified in the person's sentence. . . ." The district court found:

> There is no way to reconcile the provisions of section 906.15 with section 903B.2. The maximum period of incarceration for a serious misdemeanor is one year which would require discharge from parole after a maximum of one year. Section 903B.2 provides for a "parole" of ten years.

Where a general statutory provision conflicts with a special provision, and the conflict "is irreconcilable, the special . . . provision prevails as an exception to the general provision." Iowa Code § 4.7. Section 903.1(*b*) is specifically limited to those circumstances where "a specific penalty is not provided for." The specific provisions of section 903B.2 prevail over the more general provisions of section 903.1(1)(*b*).

The district court erred in finding section 903B.2 imposes an illegal sentence.

### VIII.  Conclusion and Disposition.

The special sentence imposed under Iowa Code section 903B.2 is not grossly disproportionate to the acts of committing the crime of indecent exposure and subsequently violating parole terms, and thus is not cruel and unusual punishment.  The State has a strong interest in protecting its citizens from sex crimes, and the legislature could rationally determine that imposing a special sentence on sex offenders for parole violations advances the State's interest.  Therefore, the statute does not violate equal protection.  Because the decision of whether a parole violation has occurred under section 903B.2 is an executive or administrative decision, such decisions do not involve sentencing functions and therefore do not violate the separation-of-powers doctrine.  Because the specific provisions of section 903B.2 prevail over the more general provisions of section 903.1(1)(*b*), section 903B.2 does not impose an illegal sentence.  For these reasons, we vacate the district court's holding that "the special sentence under Iowa Code section 903B.2 is illegal and unconstitutional and shall not be imposed" upon Wade.  We remand this case with instructions that the sentence under section 903B.2 be imposed.

**JUDGMENT OF CONVICTION AFFIRMED.  SENTENCE AFFIRMED IN PART AND VACATED IN PART; CASE REMANDED FOR RESENTENCING.**

All justices concur except Streit, J., who takes no part.