# IN THE COURT OF APPEALS OF IOWA

No. 12-1153
Filed March 12, 2014

**STATE OF IOWA,**
  Plaintiff-Appellee,

**vs.**

**RONNIE EARL HARRINGTON,**
  Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Rustin T. Davenport, Judge.

Ronnie Harrington appeals from a district court's order denying a motion to correct an illegal sentence. **AFFIRMED.**

Ronnie Harrington, Fort Dodge, pro se.

Thomas J. Miller, Attorney General, Jean Pettinger, Assistant Attorney General, Carlyle D. Dalen, County Attorney, and Sandra Murphy, Assistant County Attorney, for appellee.

Considered by Danilson, C.J., Mullins, J., and Huitink, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**HUITINK, S.J.**

Ronnie Harrington was sentenced to one year of incarceration following his guilty plea to indecent exposure in violation of Iowa Code section 709.9 (2001). Although he had a prior sexually predatory offense, the State agreed to exclude reference to that offense, which subjected him to sentence enhancement under sections 901A.1 and 901A.2. In 2010, Harrington challenged the sentence in a motion to correct an illegal sentence, arguing it was illegal because the first predatory sexual offense conviction and sentencing enhancement were to be stricken. This court affirmed the denial of his motion, finding both "were indeed stricken." *State v. Harrington*, No. 10-1299, 2012 WL 474162, at *1 (Iowa Ct. App. Feb. 15, 2012).

Harrington again challenged this sentence in 2012. And again, the district court denied his motion to correct an illegal sentence. In contravention of his prior challenge, Harrington now argues his sentence is illegal because he did *not* receive an enhanced sentence due to his prior conviction. We review his challenge for correction of errors at law. *See Tindell v. State*, 629 N.W.2d 357, 359 (Iowa 2001).

We conclude the district court properly denied Harrington's motion. Before Harrington pled guilty, the court granted the State's request to amend the trial information to strike the allegation of a prior sexually predatory offense. Because the State did not prove any sexually predatory offense beyond a reasonable doubt, the sentencing enhancements found in sections 901A.1 and 901A.2 could not be applied. An illegal sentence is one that is not authorized by statute. *State v. Wade*, 757 N.W.2d 618, 628 (Iowa 2008). Harrington's

sentence was authorized by statute; to apply the sentencing enhancement where the State did not allege and Harrington did not plead guilty to the prior offense would have been illegal.  Accordingly, we affirm.

**AFFIRMED.**