## IN THE COURT OF APPEALS OF IOWA

No. 14-1178
Filed September 10, 2015

**ROSS LEROY BARKER,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Scott County, Paul L. Macek,
Judge.


        Ross Barker appeals the postconviction court's grant of the State's motion
to dismiss his application for postconviction relief.  **AFFIRMED.**


        Mark C. Smith, State Appellate Defender, Maria Ruhtenberg, Assistant
Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, Katie Fiala, Assistant Attorney
General, Michael J. Walton, County Attorney, and Julie Walton, Assistant County
Attorney, for appellee State.



        Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, P.J.**

Ross Barker appeals the postconviction court's grant of the State's motion to dismiss his application for postconviction relief (PCR). He asserts postconviction counsel was ineffective for improperly framing his claim as a challenge to an illegal sentence rather than a challenge to the knowing and voluntariness of the plea. We conclude that not only is Barker's claim barred by the statute of limitations, but his argument is also unsupported by the sentencing record. Therefore, he cannot establish either a breach of an essential duty or prejudice. We affirm the order of the postconviction court granting the State's motion to dismiss.

Barker was charged with sexual abuse in the third degree. On March 14, 2008, he pleaded guilty to assault with intent to commit sexual abuse, an aggravated misdemeanor, in violation of Iowa Code section 709.11 (2007). A sentencing hearing was held on April 10, 2008, at which time the district court imposed a term of incarceration not to exceed two years. The court also informed Barker:

> This type of crime is also subject to the Iowa legislature's special sentencing provision which provides that in addition to the sentence proposed above, you shall at the—it is hereby ordered that once that sentence of incarceration or probation should be released sooner will—ends, you will be subject to be placed on the correctional continuum for a period of ten years, which means that you will be under the supervision as if you are on parole for an additional period of ten years.
> You will also be subject to the Sex Offender Registry requirement, and you will be required to be on the Sex Offender Registry for a period of ten years. You must within five days from today's date or five days of discharge from any sentence register with the sheriff of the county where you're residing.

Because the written sentencing order did not include the special sentencing provision, a corrected order was entered on May 12, 2008. It stated: "The court hereby corrects the above entry to reflect the correct sentencing to include the mandatory sentence required pursuant to Iowa Code section 903B.2 upon completion of the sentence imposed on 4-10-08. So ordered."

On April 4, 2014, Barker filed a pro se application for postconviction relief in which he alleged:

> On May 12, 2008 Judge Nancy S. Tabor changed my plea agreement to reflect a sentence under Iowa Code section 903B.2 which imposed a lifetime sentence on the sex offender registry list, which is a violation of due process and equal protection of the law . . . .
> Had Applicant known that he would be receiving life on the sex offender list Applicant would not have pleaded guilty to the offense and would not have taken the plea but demanded a trial.

Therefore, he claimed, trial counsel was ineffective.

The State moved to dismiss the application, arguing Barker's claim under Iowa Code section 822.3 was time-barred, because his application was filed more than three years after his conviction was final. Postconviction counsel was appointed, and in the resistance to the State's motion he argued Barker was subject to an illegal sentence, which is an issue that could be raised at any time. On June 20, 2014, the postconviction court granted the State's motion to dismiss, finding Barker's claim did not raise a ground of fact or law that could not have been asserted within the statutory timeframe and was therefore barred by the statute of limitations. Barker appeals, arguing postconviction counsel was ineffective for failing to argue his plea was not knowing and voluntary, and that his claim was not barred by the statute of limitations.

We review ineffective assistance of counsel claims de novo. *State v. Ortiz*, 789 N.W.2d 761, 764 (Iowa 2010). To establish an ineffective assistance claim the defendant must show trial counsel failed to perform an essential duty and he was prejudiced by this failure. *Id.*

In Barker's PCR application, he sought a new trial, claiming his plea was not knowing and voluntary, as he was not informed he would be on the sexual abuse registry for his lifetime. His argument before the postconviction court asserted the court imposed an illegal sentence when it "changed" the order to impose the special sentence pursuant to Iowa Code section 903B.2. This section states:

> A person convicted of a misdemeanor or a class "D" felony offense under chapter 709, section 726.2, or section 728.12 shall also be sentenced, in addition to any other punishment provided by law, to a special sentence committing the person into the custody of the director of the Iowa department of corrections for a period of ten years, with eligibility for parole as provided in chapter 906. The board of parole shall determine whether the person should be released on parole or placed in a work release program. The special sentence imposed under this section shall commence upon completion of the sentence imposed under any applicable criminal sentencing provisions for the underlying criminal offense and the person shall begin the sentence under supervision as if on parole or work release. The person shall be placed on the corrections continuum in chapter 901B, and the terms and conditions of the special sentence, including violations, shall be subject to the same set of procedures set out in chapters 901B, 905, 906, and 908, and rules adopted under those chapters for persons on parole or work release.

Iowa Code § 903B.2.[1]

Barker's characterization of the special sentence imposed is misconstrued. Barker is only subject to the special sentence for a period of ten years, assuming he does not violate any conditions. *See* Iowa Code § 903B.2. Moreover, the provisions of the Sex Offender Registry List under Iowa Code section 692A.106 state:

> 1. Except as otherwise provided in section 232.54, 692A.103, or 692A.128, or this section, the duration of registration required under this chapter shall be for a period of ten years. The registration period shall begin as provided in section 692A.103.
> 2. A sex offender who has been sentenced to a special sentence under section 903B.1 or 903B.2 shall be required to register for a period equal to the term of the special sentence, but in no case not less than the period specified in subsection 1.
> 3. If a sex offender is placed on probation, parole, or work release and the probation, parole, or work release is revoked, the period of registration shall commence anew upon release from custody.

*Id.* § 692A.106(1)–(3) (2015). Because of the plea Barker entered under section 709.11, an aggravated misdemeanor, the district court properly imposed the special sentence pursuant to section 903B.2. In addition, under section 692A.106, Barker was required to be placed on the Sex Offender Registry for a period of ten years, not a lifetime as Barker mistakenly asserted in his PCR application. *See id.* § 692A.106(2) (2007).

On this record, Barker cannot establish any error occurred. While he claims he was given a lifetime registry requirement, he has provided no evidence

---

[1] To the extent Barker challenges the imposition of the special sentence under Iowa Code section 903B.2, he committed a crime in violation of chapter 709, and, therefore, his being subject to the terms of this section is not an illegal sentence. *See* Iowa Code § 903B.2; *see also State v. Wade*, 757 N.W.2d 618, 629–30 (Iowa 2008) (finding section 903B.2 constitutional, and further holding it was properly imposed on a defendant who had committed a serious misdemeanor).

of this assertion. Rather, pursuant to the court documents within this record, the proper sentence was imposed. Thus, Barker cannot prove that, but for counsel's failure to properly frame his claim, the postconviction court would have denied the State's motion to dismiss. He cannot establish either a breach of an essential duty or prejudice, and his ineffective-assistance claim fails. *See Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001) (noting if the defendant's ineffective-assistance claim lacks prejudice, we may decide the claim on that ground alone); *see also State v. Greene*, 592 N.W.2d 24, 29 (Iowa 1999) (holding counsel does not breach an essential duty by failing to pursue a meritless issue).

**AFFIRMED.**