# IN THE COURT OF APPEALS OF IOWA

No. 15-0486
Filed May 11, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**CHAD ALLAN TITUS,**
        Defendant-Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Stephen C. Gerard II, District Associate Judge.

Chad Allen Titus appeals the denial of his motion to correct an illegal sentence. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Mullins, JJ.

**DOYLE, Presiding Judge.**

After Chad Allen Titus pled guilty to indecent exposure, the district court imposed the special sentence pursuant to Iowa Code section 903B.2 (2011), which committed Titus to the custody of the director of the Iowa Department of Corrections for ten years. Titus appeals the denial of his motion to correct an illegal sentence, which challenged the constitutionality of the special sentence. He alleges the special sentence, as applied to him, constitutes cruel and unusual punishment because it is disproportionate to his offense. He also alleges he was denied his right to counsel when the court denied his motion without appointing counsel to represent him and affording him the opportunity to be heard. Because these claims are constitutional in nature, our review is de novo. *See State v. Bruegger*, 773 N.W.2d 862, 869 (Iowa 2009).

Our supreme court in *State v. Wade*, 757 N.W.2d 618, 624 (Iowa 2008), held that Iowa Code section 903B.2 is not a grossly disproportionate punishment for committing indecent exposure and subsequently violating parole terms. S*ee also State v. Jorgensen*, 785 N.W.2d 708, 713 (Iowa Ct. App. 2009) (applying *Wade* in determining counsel was not ineffective by failing to urge section 903B.2 constitutes cruel and unusual punishment under federal and state constitutions). After *Wade*, our supreme court decided *Bruegger*, in which it held "defendants who commit acts of lesser culpability within the scope of broad criminal statutes carrying stiff penalties" could argue a sentence that is otherwise constitutionally valid is unconstitutional "as applied" to the individualized facts and circumstances of a case. 773 N.W.2d at 884. Titus argues these rulings are in conflict and asks us to overrule *Wade*. Even if we found his argument convincing, this court is not

at liberty to overturn Iowa Supreme Court precedent. *See State v. Miller*, 841 N.W.2d 583, 584 n.1 (Iowa 2014) ("Generally, it is the role of the supreme court to decide if case precedent should no longer be followed."); *State v. Hastings*, 466 N.W.2d 697, 700 (Iowa Ct. App. 1990) ("We are not at liberty to overturn Iowa Supreme Court precedent.").

Titus also alleges the district court erred in failing to analyze his claim under the "gross disproportionality" test articulated in *Bruegger*, and he requests his case be remanded for an evidentiary hearing and a determination of whether section 903B.2 is grossly disproportionate under the individualized facts of his case. An individualized assessment of punishment is permitted only in "relatively rare" cases where "an unusual combination of features . . . converge to generate a high risk of potential gross disproportionality." *Bruegger*, 773 N.W.2d at 884; *see also Ewing v. California*, 538 U.S. 11, 30 (2003) (noting it is a "rare case in which a threshold comparison of the crime committed and the sentence imposed leads to an inference of gross disproportionality"). Generally, a sentence within the bounds authorized by statute is not likely to be grossly disproportionate. *See Bruegger*, 773 N.W.2d at 873.

In determining whether a sentence is grossly disproportionate to an individual defendant, the court must first "balanc[e] the gravity of the crime against the severity of the sentence" to determine if an inference of gross disproportionality exists. *State v. Oliver*, 812 N.W.2d 636, 647 (Iowa 2012); *see also Bruegger*, 773 N.W.2d at 873. If a defendant cannot show an inference of gross disproportionality, no further analysis is necessary. *See Oliver*, 812

N.W.2d at 650; *see also State v. Clayton*, No. 13-1771, 2014 WL 5862075, at *4 (Iowa Ct. App. Nov. 13, 2014).

In his pro se motion to correct an illegal sentence, Titus alleges "that, as applied to the charge of indecent exposure under Iowa Law, [the special sentence] constitutes Cruel and Unusual Punishment in violation of the prohibitions contained in the United States and Iowa Constitutions." The motion makes no specific allegation regarding an inference of gross disproportionality. However, later in the same motion, Titus argues the ten-year special sentence creates "an unjust outcome" when added to his fifty-three-day jail sentence. Citing *Weems v. United States*, 217 U.S. 349, 371 (1910) (noting the Cruel and Unusual Punishment Clause of the Constitution is directed "against all punishments which, by their [excessive] length or severity, are greatly disproportioned to the offenses charged"), Titus then claims the special sentence violates his constitutional rights.

Assuming Titus's motion sufficiently states a gross-disproportionality challenge, he is not entitled to an evidentiary hearing under the facts before us. In *Bruegger*, the defendant was permitted to make a gross-disproportionality challenge because his case involved the convergence of three factors that presented a substantial risk the sentence could be grossly disproportionate. *See Bruegger*, 773 N.W.2d at 884. Titus's motion fails to assert any unique factors that create an inference of gross disproportionality between the underlying crime and his sentence. Without more, an evidentiary hearing was not necessary. *See State v. Huls*, No. 15-0467, 2016 WL 903130, at *1 (Iowa Ct. App. Mar. 9, 2016) (holding Huls failed to show an evidentiary hearing was warranted on his claim

that his section 903B.2 special sentence was grossly disproportionate because he failed to argue any factors created an inference of gross disproportionality); *State v. Reed*, No. 13-0988, 2015 WL 566625, at *5 (Iowa Ct. App. Feb. 11, 2015) (holding an individualized evidentiary sentencing hearing was not required under the Iowa Constitution because Reed did not show an inference of gross disproportionality), *aff'd in part as modified, vacated in part*, 875 N.W.2d 693 (Iowa 2016); *State v. Clayton*, No. 13-1650, 2014 WL 7343315, at *1 (Iowa Ct. App. Dec. 24, 2014) ("Here, Clayton's motion to correct an illegal sentence did not establish an inference of gross disproportionality between the underlying crime and the sentence. Without more, we cannot say the district court should have afforded him a hearing on his claim."); *White v. State*, No. 13-0142, 2014 WL 468201, at *7 (Iowa Ct. App. Feb. 5, 2014) (holding White did not meet the threshold showing of gross disproportionality because no "unique factors" made the sentence an unusual one).

Finally, Titus claims his right to effective assistance of counsel was violated when the district court failed to appoint him counsel or afford him an opportunity to be heard. "The Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process." *Iowa v. Tovar*, 541 U.S. 77, 80-81 (2004). Because the language of article I, section 10 of the Iowa Constitution is broader than the United States Constitution, Titus argues our constitution should be read more expansively to provide a right to counsel.

The State argues Titus waived error on his claim he was denied his right to counsel. *See State v. Majeres*, 722 N.W.2d 179, 182 (Iowa 2006) (holding the

right to counsel may be waived). Titus failed to request he be appointed counsel below, and the district court did not appoint counsel on its own motion. *See* Iowa Code § 815.10(1)(a) (allowing the court to appoint counsel upon its own motion or by application by an indigent person or a public defender). This failure waives error. *See State v. Cohrs*, No. 14-2110, 2016 WL 146526, at *1-2 (Iowa Ct. App. Jan. 13, 2016).

Even if Titus did not waive error on his claim he was denied his right to counsel, this claim would fail. This court has held motions to correct illegal sentences are collateral rather than a critical stage of the trial. *See id.* at *2-3. Accordingly, the right to counsel does not apply. *See id.* at *3.

For these reasons, we affirm the district court's denial of Titus's motion to correct an illegal sentence.

**AFFIRMED.**