# IN THE COURT OF APPEALS OF IOWA

No. 18-0988
Filed October 9, 2019

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**EDDY SHAMI MULIGANDE,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Story County, Steven P. Van Marel,

District Associate Judge.

Eddy Shami Muligande appeals his sentence for two charges of public

intoxication, second offense. **AFFIRMED.**

John L. Dirks of Dirks Law Firm, Ames, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee.

Considered by Potterfield, P.J., and Doyle and May, JJ.

**MAY, Judge.**

Eddy Shami Muligande pled guilty to two charges of public intoxication, second offense. Each violation was a serious misdemeanor under Iowa Code sections 123.46(2) and 123.91 (2018). For each violation, the district court imposed a one-year term of confinement. The court ran the sentences consecutively for a total indeterminate term not to exceed two years.

Muligande argues "his sentence of two years for two counts of public intoxication with a prior conviction" violates the prohibitions of cruel and unusual punishment found in the Eighth Amendment to the U.S. Constitution and article I, section 17 of the Iowa Constitution. This is true, Muligande argues, because his prison sentence is "grossly disproportionate" to his crimes. We disagree.

We review an allegedly unconstitutional sentence de novo. *State v. Richardson*, 890 N.W.2d 609, 614 (Iowa 2017). Our review begins with the words of our constitutions. The Eighth Amendment of the United States Constitution reads: "Excessive bail shall not be required, nor excessive fines be imposed, nor cruel and unusual punishments inflicted." Article I, section 17 of the Iowa Constitution reads: "Excessive bail shall not be required; excessive fines shall not be imposed, and cruel and unusual punishment shall not be inflicted."

Neither clause "contain[s] a proportionality provision." *See Crawley v. State*, No. 15-1812, 2017 WL 108298, at *3 (Iowa Ct. App. Jan. 11, 2017) (McDonald, J., concurring specially) (citing *State v. Bruegger*, 773 N.W.2d 862, 873 (Iowa 2009)). Moreover,

> [a]s Justice Thomas noted with respect to the . . . Eighth Amendment
> to the Federal Constitution:

> "[T]he Cruel and Unusual Punishments Clause was originally understood as prohibiting torturous *methods* of punishment—specifically methods akin to those that had been considered cruel and unusual at the time the Bill of Rights was adopted." The clause does not contain a "proportionality principle." In short, it does not authorize courts to invalidate any punishment they deem disproportionate to the severity of the crime or to a particular class of offenders. Instead, the clause "leaves the unavoidably moral question of who 'deserves' a particular nonprohibited method of punishment to the judgment of the legislatures that authorize the penalty."

*Id.* (quoting *Miller v. Alabama*, 567 U.S. 460, 503–04 (2012) (Thomas, J., dissenting)); *see, e.g.*, *In re Kemmler*, 136 U.S. 436, 446 (1890) (noting "cruel and unusual punishment" encompasses barbarous *types* of punishment, such "as burning at the stake, crucifixion[,] breaking on the wheel, or the like").

The parties agree, however, that binding precedent requires this court to conduct a proportionality review. As our supreme court recently explained in *State v. Wickes*, "[w]e use a three-part test to determine whether a sentence is 'grossly disproportionate' under the Cruel and Unusual Punishment Clauses of the State and Federal Constitutions." 910 N.W.2d 554, 572 (Iowa 2018) (citation omitted).

"The first part is a threshold inquiry examining 'whether the sentence being reviewed is "grossly disproportionate" to the underlying crime,' which 'involves a balancing of the gravity of the crime against the severity of the sentence.'" *Id.* (citation omitted). "No further analysis is required if the sentence being reviewed does not raise an inference of gross disproportionality." *Id.* "If the threshold test is met, we partake in the second step, which requires us to engage in an intrajurisdictional analysis to compare the challenged sentence to sentences of other crimes within our jurisdiction." *Id.* "Under the third step, we engage in an

interjurisdictional review and examine the sentences for similar crimes in other jurisdictions." *Id.*

As we apply this test, we always bear in mind the "substantial deference" owed "to the penalties the legislature has established for various crimes." *Id.* We always remember that sentencing statutes "are cloaked with a presumption of constitutionality." *State v. Wade*, 757 N.W.2d 618, 622 (Iowa 2008) (citation omitted). "We do not sit as a 'superlegislature' to second-guess [the] policy choices" embodied in those statutes. *Ewing v. California*, 538 U.S. 11, 28 (2003).

It is, therefore, "rare that a sentence will be so grossly disproportionate to the crime as to satisfy the threshold inquiry and warrant further review." *Wickes*, 910 N.W.2d at 573 (citation omitted). "While a sentence to a term of years might be so lengthy as to violate the Cruel and Unusual Punishment Clause, such an occurrence outside the context of capital punishment has been 'exceedingly rare.'" *Bruegger*, 773 N.W.2d at 873 (citation omitted).

So we begin by considering the "gravity" of Muligande's crimes. *Wickes*, 910 N.W.2d at 572. Although public intoxication may not be rare, we cannot say it is innocuous. It creates significant dangers both for offenders and those whom they encounter. As we said in *State v. Gear*, "[t]he State has a strong interest in protecting its inhabitants against intoxicated persons who harass other citizens and do violence both to themselves and to others." No. 08-1620, 2009 WL 3086587, at *5 (Iowa Ct. App. Sept. 17, 2009). This interest is magnified when dealing with repeat offenders like Muligande. "Recidivism has long been recognized as a legitimate basis for increased punishment" because, among other things, the State

has "a valid interest in deterring and segregating habitual criminals."  *Ewing*, 538 U.S. at 25 (citation omitted).

We next consider the "severity" of Muligande's punishment.  *Wickes*, 910 N.W.2d at 572.  We do not find his sentence to be "so lengthy" as to raise constitutional concerns.  *Bruegger*, 773 N.W.2d at 873.  Also, it bears emphasis that Muligande did not receive a flat sentence.  Rather, he was sentenced to an *indeterminate* term with no mandatory minimum.  This means he is immediately eligible for parole.  *See State v. Propps*, 897 N.W.2d 91, 101 (Iowa 2017).  His "behavior in prison" will have an impact on when parole will be available.  *See id.*

In short, we find "the severity of the sentence" imposed on Muligande is not "grossly disproportionate" to the "gravity" of his crimes.  *Wickes*, 910 N.W.2d at 572.  "No further analysis is required."  *Id.*

We conclude Muligande's sentence does not violate the Eighth Amendment to the U.S. Constitution or article I, section 17 of the Iowa Constitution.  We affirm.

**AFFIRMED.**

Potterfield, P.J., concurs; Doyle, J., concurs specially.

**DOYLE, Judge** (concurring specially)

Although the record clearly shows Muligande is no Otis Campbell,[1] two years' imprisonment for public intoxication is stunning. Iowa may have had some of the toughest public intoxication laws and harshest penalties among all states,[2] but those are public-policy decisions for the legislature to make. "[W]e owe substantial deference to the penalties the legislature has established for various crimes." *State v. Harrison*, 914 N.W.2d 178, 204 (Iowa 2018) (quoting *State v. Oliver*, 812 N.W.2d 636, 650 (Iowa 2012)). The majority has the law right and I am duty-bound to concur.

---

[1] Mayberry's affable town drunk who appeared in episodes of CBS's TV sitcom *The Andy Griffith Show* from 1960 to 1967.

[2] I note that second and subsequent public intoxication offenses are no longer subject to the increased penalties. Section 123.91 was recently amended to except public intoxication convictions from increased penalties for second and subsequent alcohol related convictions. *See* 2019 Iowa Acts ch. 140, § 42. At the time Muligande was convicted section 123.91 (2018) provided that a second public-intoxication conviction was a serious misdemeanor subject to imprisonment not to exceed one year under section 903.1(1)(b). A third or subsequent conviction was an aggravated misdemeanor subject to imprisonment not to exceed two years under section 903.1(2). After July 1, 2019, a public intoxication offense, whether first, second, or subsequent, is a simple misdemeanor subject to imprisonment not to exceed thirty days. Iowa Code §§ 123.46(2), 903.1(1)(a) (Supp. 2019).