**IN THE COURT OF APPEALS OF IOWA**

No. 24-0758
Filed March 19, 2025

**IN THE INTEREST OF D.H.,**

**STATE OF IOWA,**
         Respondent-Appellant.
_____

Appeal from the Iowa District Court for Howard County, Richard D. Stochl, Judge.

The State appeals the district court's dismissal without prejudice of D.H.'s petition for relief from firearms disability. **APPEAL DISMISSED.**

Brenna Bird, Attorney General, and Sarah Jennings and Tyler Grimm (until withdrawal), Assistant Attorneys General, for appellant State of Iowa.

D.H., Cresco, self-represented appellee.

Considered by Tabor, C.J., and Ahlers and Sandy, JJ.

**SANDY, Judge.**

The State appeals the district court's dismissal without prejudice of D.H.'s petition for relief from firearms disability. The State argues dismissal without prejudice was improper because an evidentiary hearing on the petition's merits was held and thus required the district court to deny the petition which would subject D.H. to the statutory two-year time bar on refiling his petition. Because we do not have jurisdiction to rule on the applicability of the statutory time bar, we dismiss the State's appeal.

## I.  Background Facts and Proceedings

D.H. was involuntarily committed to outpatient mental health treatment in August 2021 and was discharged from commitment in April 2022. In March 2024 D.H. petitioned for relief from firearms disability pursuant to Iowa Code section 724.31 (2024). The State moved to dismiss the petition but orally withdrew the motion at the April hearing to allow the hearing on the petition to proceed on the merits.

At the hearing, D.H. only provided his own testimony in support of his petition. D.H. did not present mental health and criminal history records, character witness statements, testimony, or other character evidence. The court issued an order which "denied [the petition] at this time without prejudice." The State, arguing the district court should have denied the petition with prejudice, moved for the court to reconsider, enlarge, or amend. The district court denied that motion.

The State now appeals. It urges us to find that because an evidentiary hearing was held on the merits of D.H.'s petition, the district court denied it on the

merits and D.H. is barred from filing a second petition within the two-year statutory period.

## II. Jurisdiction

Although neither party has contested our subject-matter jurisdiction in this appeal,[1] we have "responsibility *sua sponte* to police [our] own jurisdiction." *Vasquez v. Iowa Dep't of Hum. Servs.*, 990 N.W.2d 661, 667 (Iowa 2023) (citation omitted). We will not consider a claim that "is not ripe for adjudication," because we are "without jurisdiction to hear [such a] claim and must dismiss it." *Iowa Coal Min. Co. v. Monroe Cnty.*, 555 N.W.2d 418, 432 (Iowa 1996). "A case is ripe for adjudication when it presents an actual, present controversy, as opposed to one that is merely hypothetical or speculative." *State v. Wade*, 757 N.W.2d 618, 627 (Iowa 2008).

Today, the State urges us to provide an advisory opinion on the validity of a hypothetical claim that has not yet been filed. Specifically, the State requests we rule on whether the district court's order triggered the time bar under Iowa Code section 724.31(4), which would prohibit D.H. from filing a second petition for relief under section 724.31(2) within a two-year period. It argues the district court's denial of the petition "without prejudice" leaves the door open for D.H. to file a second petition. D.H. has not filed a second petition. Any appeal relating to D.H.'s second petition is not ripe due to being "merely hypothetical or speculative" and we lack jurisdiction to decide any such claim. And the State's argument that a hearing on the merits took place serves only to buttress its claim that D.H. cannot

---

[1] D.H. did not file an appellee's brief.

be given "a second opportunity to file a petition that runs counter to Iowa Code." Such may be an argument once D.H. hypothetically files a second petition—not on this appeal.

Thus, any determination we could make relating to whether the district court should have denied D.H.'s petition on the merits rather than dismissing it for his failure to comply with the statute is academic and moot.  "Think about it this way: If the court can't fix your problem, if the judicial action you seek won't redress it, then you are only asking for an advisory opinion.  We do not issue advisory opinions."  *Iowa Citizens for Cmty. Improvement v. State*, 962 N.W.2d 780, 791 (Iowa 2021) (cleaned up).  Under either result, D.H.'s petition failed and the State prevailed.

Because we do not have jurisdiction to rule on the applicability of the statutory time bar and any remaining claim is moot, we dismiss the State's appeal.

**APPEAL DISMISSED.**