# IN THE SUPREME COURT OF IOWA

No. 01 / 06–0863

Filed April 11, 2008

**FLOYD WRIGHT**,

Appellant,

vs.

**IOWA DEPARTMENT OF CORRECTIONS, FIFTH JUDICIAL DISTRICT**,

Appellee.

Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.

Plaintiff in declaratory judgment action challenges district court's interpretation and application of Iowa Code section 692A.2A (2005) (sexual offender residency restriction). **AFFIRMED.**

John P. Roehrick of Roehrick Law Firm, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Forrest Guddall, Assistant Attorney General, for appellee.

**LARSON, Justice.**

Floyd Wright, who was convicted of a sexual offense against a minor in 1977, challenges the district court's ruling that he was subject to the residency restrictions of Iowa Code section 692A.2A (2005), which prohibits sex offenders from residing within two thousand feet of certain facilities such as schools. Wright contends that he is not subject to the statute because he was not a "registered" sex offender. Even if the statute were applicable, Wright contends it would violate his equal protection and substantive due process rights and would be invalid as a bill of attainder. The district court rejected his arguments, and so do we.

## I. Facts and Prior Proceedings.

Floyd Wright was recently forced to move from his residence in Des Moines due to a change in ownership of the building where he lived. Wright had been convicted of statutory rape in 1977 and had completed his sentence at the time he was forced to move. Wright was never required to register as a sex offender because his statutory rape conviction predated the effective date of the sex offender registry statute in 1995. At the time of Wright's move, he was on probation for driving while barred, and as a condition of his probation, he was required to notify the Fifth Judicial District Department of Correctional Services of his intended move. Wright's probation officer informed him that his status as a sex offender prohibited him from moving to his proposed new location because it was within two thousand feet of a protected facility. *See* Iowa Code § 692A.2A.

Wright petitioned for a declaratory judgment that application of the residency restriction to him was invalid, and he also requested an injunction against enforcement of the restriction. He argued: the residency restrictions did not apply to him because he was not a

registered sex offender, section 692A.2A violates his equal protection and substantive due process rights, and the minimum-distance statute constitutes a bill of attainder. The district court disagreed, concluding the language of section 692A.2A unambiguously applied to all sex offenders, not just those who were registered. Further, the district court rejected Wright's constitutional challenges, relying largely on this court's ruling in *State v. Seering*, 701 N.W.2d 655 (Iowa 2005).

## II. Does Iowa's Residency-Restricting Statute Apply Only to Registered Sex Offenders?

Iowa Code section 692A.2A provides, in pertinent part:

1. For purposes of this section, "*person*" means a person who has committed a criminal offense against a minor, or an aggravated offense, sexually violent offense, or other relevant offense that involved a minor.

2. A person shall not reside within two thousand feet of the real property comprising a public or nonpublic elementary or secondary school or a child care facility.

3. A person who resides within two thousand feet of the real property comprising a public or nonpublic elementary or secondary school, or a child care facility, commits an aggravated misdemeanor.

It is undisputed that "statutory rape" under Iowa Code section 698.1 (1975) qualifies as a "relevant offense" under section 692A.2A.

Wright argues that the residency restriction applies only to "registered" sex offenders, based largely on the fact that this statute is included in the chapter entitled "sex offender registry." Before we engage in statutory construction, we must determine whether the statute is ambiguous. *State v. Spencer,* 737 N.W.2d 124, 129 (Iowa 2007). "A statute is ambiguous 'if reasonable persons could disagree as to its meaning.'" *Id.* (quoting *IBP v. Harker*, 633 N.W.2d 322, 325 (Iowa 2001)). Ambiguity may arise in two ways: from the meaning of particular

words or from the general scope and meaning of the statute when all of its provisions are examined. *Id.*

In this case, the legislature specifically set the parameters of section 692A.2A by stating it applies to a "person." Had the legislature failed to define "person," the statute might arguably be ambiguous. However, it did define the term. Specifically, it is "a person who has committed a criminal offense against a minor, or an aggravated offense, sexually violent offense, or other relevant offense that involved a minor." Iowa Code § 692A.2A(1). This definition is not ambiguous; the legislature did not limit the application of section 692A.2A to registered sex offenders, as Wright argues. Rather, it chose to make the residency restrictions applicable to a broader category of persons—those who have committed certain criminal offenses against minors. This definition clearly makes section 692A.2A applicable to Wright since he is a person convicted of statutory rape—a criminal offense against a minor. Further, the only reason Wright is not a registered sex offender is that he had completed his sentence prior to July 1, 1995, when the registry statute became effective. *See* Iowa Code § 692A.16(1).

Simply including the residency-restriction statute in the chapter entitled "sex offender registry" does not mean the legislature intended to limit application of that statute to those persons subject to the registry requirements. In fact, it clearly showed a contrary intent. The legislative bill that later became section 692A.2A was originally proposed in the more restrictive form. The original bill provided:

> *A person required to register under this chapter* shall not reside within two thousand feet of the real property comprising a public or nonpublic elementary or secondary school or a child care facility.

S.F. 2197, § 3 (original bill language) (emphasis added). The legislature struck the language that would have limited the statute to registered sex offenders in favor of the language that applied it to all "persons." We conclude Wright is subject to the restrictions of section 692A.2A.

**III. Does Application of Section 692A.2A Offend Wright's Constitutional Rights?**

We review constitutional challenges to a statute de novo. *Seering*, 701 N.W.2d at 661. A statute is presumed to be constitutional, and the party challenging its constitutionality bears the burden to rebut this presumption. *In re Det. of Betsworth*, 711 N.W.2d 280, 288 (Iowa 2006); *Seering*, 701 N.W.2d at 661.

**A. The Equal Protection Argument.** The Fourteenth Amendment to the United States Constitution and article I, section 6 of the Iowa Constitution provide individuals equal protection under the law. This principle requires that "similarly situated persons be treated alike under the law." *In re Det. of Williams*, 628 N.W.2d 447, 452 (Iowa 2001). The first step in determining whether a statute violates equal protection is to determine whether the statute distinguishes between similarly situated persons. *Id.* If the statute treats similarly situated persons differently, the court must then determine what level of review is required—strict scrutiny or rational basis. *Id.* A statute is subject to strict-scrutiny analysis—the state must show the classification is narrowly tailored to a compelling state interest—when it classifies individuals "in terms of their ability to exercise a fundamental right or when it classifies or distinguishes persons by race or national origin." *Id.* All other statutory classifications are subject to rational-basis review in which case the defendant must show the classification bears no rational relationship to a legitimate government interest. *Id.*

6

Wright contends section 692A.2A violates his right to equal protection by treating him—a sex offender currently on probation—differently from a sex offender who is not currently on probation. However, these two groups are not similarly situated. The first group, which includes Wright, is currently on probation and subject to state monitoring, and the second group is not currently on probation and not subject to monitoring. We agree with the district court that Wright is not similarly situated to sex offenders not currently on probation. Thus, an equal-protection challenge is not viable.

Even if sex offenders currently on probation and those not on probation are considered to be similarly situated, Wright has not shown that section 692A.2A treats the classes differently. The residency restrictions apply equally to all sex offenders meeting the definition in the statute, not just those on probation. Although it may be true, as Wright argues, that section 692A.2A is more likely to be enforced against sex offenders on probation because the state actively monitors probationers, he has not shown that sex offenders not on probation escape prosecution for violating section 692A.2A.

We have held, in the context of a substantive due process challenge, that section 692A.2A is not subject to review under strict scrutiny, but only under a rational-basis analysis. *Seering*, 701 N.W.2d at 665. Applying that rationale to this case, we believe that application of section 692A.2A to Wright does not offend his equal-protection rights. Any distinction in the treatment of persons currently on probation does not create equal-protection complications. We reject Wright's equal-protection argument.

**B. The Substantive Due Process Argument.** Wright contends that section 692A.2A violates his right to substantive due process

guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and article I, section 9 of the Iowa Constitution. We considered, and rejected, that argument in *Seering*, 701 N.W.2d at 665, and that case controls here. Without any evidence that would cause us to retreat from our decision in *Seering*, Wright's due-process claim must fail. *See State v. Groves*, 742 N.W.2d 90, 93 (Iowa 2007).

**C. The Bill of Attainder Argument.** Both the United States Constitution and the Iowa Constitution prohibit the legislative enactment of bills of attainder. U.S. Const. art. I, § 9; Iowa Const. art. I, § 21.

> A bill of attainder is a legislative determination that metes out punishment to a particular individual or a designated group of persons without a judicial trial. The danger of such a law is that it deprives the accused of the protection afforded by judicial process.

*State v. Swartz*, 601 N.W.2d 348, 351 (Iowa 1999) (citations omitted).

There are three requirements for establishing a bill-of-attainder claim: "specificity as to the target of the legislation, imposition of punishment, and the lack of a judicial trial." *State v. Phillips*, 610 N.W.2d 840, 843 (Iowa 2000). In *Phillips*, the defendant argued that a statute requiring that a person convicted of certain offenses must serve 100% of the sentence was invalid for several reasons, including a claim it amounted to a bill of attainder. We rejected that argument, as the sentence was not imposed without judicial process. *Id.* We cited *United States v. Brown*, 381 U.S. 437, 85 S. Ct. 1707, 14 L. Ed. 2d 484 (1965), as an illustration of what did constitute a bill of attainder. In *Brown*, a statute simply declared it a crime for a member of the Communist Party to serve as an officer or employee of a labor union. The Supreme Court held this was an illegal bill of attainder. *Brown*, 381 U.S. at 449–50, 85 S. Ct. at 1715–16, 14 L. Ed. 2d at 492. The difference

between *Brown* and this case is obvious: the statute in *Brown*, unlike the statute in the present case, did not require judicial involvement.

In *Swartz,* the defendant claimed a statute making it a crime for a convicted felon to possess a firearm was an illegal bill of attainder. 601 N.W.2d at 351. We rejected that argument because the restriction on the right to carry firearms did not constitute punishment so as to qualify it as a bill of attainder. *Id.* Rather, denying the right to possess firearms was " 'designed to accomplish some other legitimate governmental purpose [which is] the regulation of guns in the hands of those previously convicted of felonies.' " *Id.* (quoting *United State v. Donofrio,* 450 F.2d 1054, 1055–56 (5th Cir. 1971)). In Wright's case, as in *Swartz,* an underlying conviction was established prior to imposition of the restrictions. Here, Wright had been afforded a criminal trial in 1977 on the charge of statutory rape. Section 692A.2A applies to him only because of this conviction, and imposition of this restriction does not constitute a bill of attainder.

**D. The Banishment Argument.** In connection with Wright's bill-of-attainder argument, he contends that the statute in question effectively banishes him from places of reasonable residency and, therefore, constitutes punishment. In *Seering*, we rejected the banishment argument, saying

> [h]istorically, banishment has been considered to be punishment. Yet, while Seering may have a sense of being banished to another area of the city, county, or state, true banishment goes beyond the mere restriction of "one's freedom to go or remain where others have the right to be: it often works a destruction on one's social, cultural, and political existence." Section 692A.2A, to the contrary, only restricts sex offenders from residing in a particular area. Offenders are not banished from communities and are free to engage in most community activities. The statute is far removed from the traditional concept of banishment.

701 N.W.2d at 667–68 (quoting *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 897 (2d Cir. 1996)) (other citation omitted). Wright adds another dimension in this case by contending that other communities in the area of Des Moines, where he resides, have municipal ordinances that also impose residency restrictions. He contends that the cumulative effect of these ordinances is to banish him. However, even if we assumed that is so, this circumstance does not affect the rationale of *Seering*. He is still free to engage in most community activities and free to live in areas not covered by the residency restrictions. We reject the banishment argument.

Because we find no error in the trial court's application of section 692A.2A, we affirm.

**AFFIRMED.**