MANSFIELD, Justice
(dissenting).
I respectfully dissent and would affirm the well-reasoned decision of the court of appeals. I think Buchwald is not eligible for relief under either section 692A.128(1) or 692A. 128(6), the latter of which is limited to juvenile adjudications. See Iowa Code § 692A.128(1), (6) (2011).
Section 692A.128 creates two basic avenues for modification — subsection 1 and subsection 6. Subsection 1 is potentially available when the sex offender is “on probation, parole, work release, special sentence, or any other type of conditional release.” Id. § 692A.128(1). Subsection 6 is potentially available when the sex offender is on the registry “as a result of an adjudication for a sex offense, the offender is not under the supervision of the juvenile court or a judicial district judicial department of correctional services, and the department of corrections agrees to perform a risk assessment on the sex offender.” Id. § 692A.128(6).
In this case, the applicant, David Buchwald, is no longer on probation, parole, work release, special release, or any other type of conditional release. It is also undisputed that Buchwald is not on the registry because of a juvenile adjudication. Rather, he was convicted of the sex offense of lascivious acts with a child when he was over the age of majority.
Over the State’s objection, the district court granted Buchwald’s request to modify registration requirements. The district court agreed with the State that subsection 6 “quite clearly applies only to juvenile offenders.” However, it found it had authority to grant modification under subsection 1.
We granted the State’s petition for cer-tiorari and transferred the case to the court of appeals. That court ruled, I believe correctly, that Buchwald could not obtain modification of his registration requirements. It observed that subsection 1 “is written in the present tense. By its terms, modification under this subsection is only available to sex offenders who are on some type of conditional release at the time they apply for a modification.” I agree.
The court of appeals also overruled Buchwald’s argument that it would be uncon *86 stitutional to preclude “off paper” adult sex offenders like him from seeking modification of their registration requirements. In doing so, the court cited precedent from our court upholding the severe pre-2009 residency restrictions on sex offenders under the rational basis test. See State v. Seering, 701 N.W.2d 655, 665-66 (Iowa 2005); Wright v. Iowa Dep’t of Corr., 747 N.W.2d 213, 216-17 (Iowa 2008).
In a footnote, the court of appeals declined to consider subsection 6, noting that the district court had rejected that argument and Buchwald had not asserted it on appeal.
This led to Buchwald’s application for further review in this court. In his application, Buchwald raised only subsection 1 and his constitutional arguments. He did not bring his subsection 6 argument to our attention, just as he did not mention it in his original appellate brief.
Now, however, my colleagues resurrect subsection 6.[3] They assert that “adjudication” in section 692A.128(6) includes criminal convictions and is not limited to juvenile adjudications. Accordingly, they find that Buchwald may modify his registration requirements. I think this is the wrong reading of the statute for several reasons.
To begin with, my colleagues cite no examples — none—in chapter 692A where the word “adjudication” has been used to include criminal convictions. To the contrary, time and again, when the terms “adjudicated,” “adjudication,” or “adjudicatory” appear elsewhere in chapter 692A, they refer to juvenile adjudications of delinquency. See, e.g., Iowa Code §§ 692A.10K7), .103(l)(d), .108(l)(e), .103(3), .103(4), .103(5)(e), .116(2), .125(4). In each of the foregoing instances, one of two things is true. Either the word “adjudicated” is accompanied by the word “delinquent” or the word “juvenile,” see, e.g., id. §§ 692A.10K7), ,103(l)(d), ,103(l)(e), .103(3), .103(4), .103(5)(e), or the legislature has juxtaposed the word “adjudication” or “adjudicatory” with the word “conviction” or “sentencing” and put the word “or” in between, thus indicating that an adjudication for purposes of chapter 692A is something different from what occurs in a criminal proceeding, see, e.g., id. §§ 692A.116(2), .125(4).
Furthermore, “convicted” — as defined in chapter 692A — includes anyone who is “found guilty of, pleads guilty to, or is sentenced or adjudicated delinquent for an act which is an indictable offense.” See id. § 692A.101(7). This further demonstrates that when it drafted chapter 692A in 2009, the legislature intended adjudication to mean something narrower than a criminal conviction — not the other way around.[4]
*87 In addition, the June 2009 Summary of Legislation prepared by the Legislative Services Agency (LSA) at the end of the legislative session speaks to the intended scope of subsection 6. It states, “The Act also permits an offender required to register as a juvenile who is no longer under supervision to apply for a modification of the registry requirements if the Department of Corrections agrees to perform a risk assessment on the sex offender.” See Legislative Services Agency, 2009 Summary of Legislation, at 69 (Iowa 2009), available at https://www.legis.iowa.gov/ docs/shelves/Summaries/Summary% 20of% 20Legislation% 20 2009.pdf. The LSA further explains:
MODIFICATION. The division permits an offender on probation or parole to file an application in district court seeking to modify the registration requirements. The court may modify the registration requirements if all of the following apply: the date of commencement of the requirement to register occurred at least two years prior to the filing of the application for a tier I offender, or five years for a tier II or tier III offender; the offender has successfully completed all sex offender treatment programs that have been required; a risk assessment has been completed and the offender has been classified as a low risk to reoffend; the offender is not incarcerated at the time the application is filed; and the director or the director’s designee of the district department supervising the offender stipulates to the modification. The court may, but is not required to, conduct a hearing on the application to hear any evidence deemed appropriate by the court prior to making a determination as to modification.
The division provides that an offender required to register as a juvenile who is no longer under supervision may apply for modification of the registration requirements if the Department of Corrections agrees to perform a risk assessment on the offender. All other provisions relating to a modification shall apply to such an application for a modification except that the offender is not required to obtain a stipulation from the director or the director’s designee of the district department of correctional services.
Id. at 95. Although this publication was prepared by LSA, and is not part of the legislation itself, it “generally informs persons of the contents” of legislation and supports my view that the legislature intended to limit subsection 6 to juvenile adjudications. Id. at i.
Furthermore, as the State points out, reading the term “adjudication” to include both criminal convictions and juvenile adjudications would render this very language superfluous. The subsection begins, “A sex offender may be granted a modification if the offender is required to be on the sex offender registry as a result of an adjudication for a sex offense....” Iowa Code § 692A.128(6). However, if all “individuals no longer subject to corrections supervision who have satisfied the modification provision’s various prerequisites” are eligible,, as the majority holds, the entire phrase “as a result of an adjudication for a sex offense” becomes unneees- *88 sary. In contrast, if the legislature’s use of adjudication was intended to refer only to juvenile adjudications, as in other sections of the chapter, the choice of language in subsection 6 has a purpose — to narrow its applicability from all sex offenders required to register under the statute, to only those required to do so as a result of a juvenile adjudication. See Neal v. Annett Holdings, Inc., 814 N.W.2d 512, 520 (Iowa 2012) (“In interpreting a statute, each term is to be given effect, and we will not read a statute so that any provision will be rendered superfluous.” (Citations and internal quotation marks omitted.)).[5]
I concede that if you go far afield, you can find examples of the word “adjudication” covering things other than juvenile adjudications, for example, in the federal class action rule. See Fed.R.Civ.P. 23(b). The problem with this is that we are supposed to refer to “similar statutes” — not unrelated ones — in interpreting an undefined term in a statute. See Schaefer v. Putnam, 841 N.W.2d 68, 78 (Iowa 2013). Also, statutes are supposed to be interpreted as an integrated whole, see State v. Adams, 810 N.W.2d 365, 377 (Iowa 2012), and we are dealing with a chapter (692A) that was enacted as a single package by the legislature in 2009. See 2009 Iowa Acts ch. 119. I think chapter 692A’s usage is consistent, and the legislature’s intent is clear.
Turning to Buchwald’s constitutional arguments, I agree with the court of appeals that they are essentially foreclosed by our prior caselaw. The legislature’s policy choice in section 692A, while perhaps not my policy choice, was to allow modifications of sex offender registry status to be sought only by (1) offenders who are under current supervision and (2) persons who had committed their offenses as juveniles and have completed their supervision (assuming the offense was not serious enough to warrant the juvenile being tried as an adult).[6] This policy meets the rational basis test because it limits modifications to those who are currently under some form of supervision or who may be less culpable and more capable of change because they committed their sex offenses as juveniles and were tried for those offenses as juveniles.
For the foregoing reasons, I respectfully dissent.

. To be clear, I am not arguing my colleagues are doing anything improper in reaching subsection 6. The situation here is identical to that in King v. State, 818 N.W.2d 1 (Iowa 2012). We are affirming the district court on a ground that was raised below and rejected by that court, and that the appellee then chose not to brief on appeal. See id. at 11-12 (noting that "[a]ppellants and appellees stand in different positions”). Because the parties argued the point below, fairness is assured and we have discretion to reach an argument even though the appellee didn't brief it to us. See id.

. My colleagues assert that section 692A.101(8) supports their position because "adjudication” as used there means "something other than” an adjudication of delinquency. That section provides:
“Criminal or juvenile justice agency " means an agency or department of any level of government or an entity wholly owned, financed, or controlled by one or more such agencies or departments which performs as its principal function the apprehension, prosecution, adjudication, incarceration, or rehabilitation of criminal or juvenile offenders.
*87 Iowa Code § 692A. 101(8) (2011).
I confess to some uncertainty about the meaning of this definition, which appears to be taken verbatim from chapter 692. See id. § 692.1(7). However, for my colleagues’ point about subsection 692A. 101(8) to have any force, they need to explain what they think that subsection means. Is a court a "criminal or juvenile justice agency”? If so, then this may be one instance — the only one— where “adjudication” in chapter 692A includes a criminal conviction. However, my colleagues appear unwilling to reach this conclusion.

. I note that subsection 6 applies when the previously adjudicated offender is "not under the supervision of the juvenile court or a judicial district judicial department of coirec-tional services.” Iowa Code § 692A.128(6) (emphasis added). Normally juveniles who have been adjudicated delinquent would not be under the supervision of a judicial district judicial department of correctional services for that offense. However, a juvenile who was adjudicated delinquent for a sex offense could subsequently be under correctional services supervision for a non-sex-related offense. Such a person would be able to seek modification under subsection 1, and upon completion of that supervision would be able to seek modification under subsection 6. The point remains: Reading "an adjudication” in subsection 6 as meaning "a juvenile adjudication” gives effect to all the statutory language, whereas reading it to include criminal convictions does not.

. As noted by my colleagues, a separate provision in chapter 692A allows juveniles who are currently under the supervision of the juvenile court to seek modification of their registration status. See Iowa Code § 692A. 103(5).