**IN THE COURT OF APPEALS OF IOWA**

No. 3-1049 / 13-0037
Filed March 12, 2014

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**MICHAEL JAMES KOUT,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Muscatine County, Mark D. Cleve, Judge.

Michael James Kout appeals his conviction for lascivious acts with a child.

**AFFIRMED.**

Michael Kout, Coralville, pro se appellant.

Thomas J. Miller, Attorney General, Bridget Chambers, Assistant Attorney General, and Alan Ostergren, County Attorney, for appellee.

Considered by Doyle, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

Michael James Kout appeals his conviction for lascivious acts with a child. He claims the district court violated his equal protection rights by refusing to give him credit for time served during his supervised pretrial release. Kout also claims he received ineffective assistance of counsel. We find no provision in Iowa law that would entitle Kout to credit for pretrial supervision, and also find he has failed to show an equal protection violation. We preserve his ineffective-assistance-of-counsel claims for postconviction relief. We affirm.

**I.      Background Facts and Proceedings**

Michael James Kout was charged with sexual abuse in the second degree on January 3, 2011. Kout entered a guilty plea to the reduced charge of lascivious acts with a child on September 30, 2011. He was sentenced on January 6, 2012, to serve an indeterminate ten-year prison sentence.

On October 31, 2012, Kout filed a motion requesting credit towards his sentence for time spent on pretrial supervision. After being arrested and charged, Kout posted bond and, as a condition of his release, was required to report to the Seventh Judicial District Department of Correctional Services (DCS) for pretrial supervision. He remained under DCS supervision for a total of 379 days. The district court denied his motion, finding Iowa law did not provide credit towards one's sentence for time spent on pretrial supervision. The district court also rejected Kout's equal protection claim.

**II.    Scope and Standard of Review**

We review issues of statutory interpretation for corrections of errors of law. *State v. Allensworth*, 823 N.W.2d 411, 413 (Iowa 2012).  Our review of claims under the equal protection clause is de novo.  *In re L.M.*, 654 N.W.2d 502, 505 (Iowa 2002).

**III.    Discussion**

**A.    Iowa Code Sections 907.3(3) and 901B.1**

Kout claims that Iowa Code sections 907.3(3) and 901B.1 (2011), when read together, entitle him to credit for time spent under pretrial supervision.  He also relies upon *Anderson v. State*, 801 N.W.2d 1 (Iowa 2011), to support his argument.

Kout's reliance on the cited authorities is incorrect.  Section 907.3 gives the district court certain sentencing options "upon a plea of guilty, a verdict of guilty, or a special verdict upon which a judgment of conviction may be rendered."  Iowa Code § 907.3.  Section 907.3(3) allows for credit, in certain circumstances, only when supervision is ordered as part of a criminal sentence.  Though Kout attempts to categorize his pre-trial supervision as a "sentence," the supervision Kout seeks to utilize as a source of credit is not a criminal sentence.  Pretrial supervision is not mentioned in section 907.3(3).  Nor does *Anderson* dictate a different result.  *Anderson* does hold an individual is entitled to sentencing credit when subject to supervision as a level two or level three supervisee under section 901B.1; however *Anderson* applies exclusively to a defendant on probation or parole, not an individual on pretrial release.  *See*

*Anderson*, 801 N.W.2d at 1-5. Nothing in *Anderson* converts sentencing credit for time spent under supervision after conviction into sentencing credit for time spent under pretrial supervision.

### B. Equal Protection

Kout claims the district court violated the Equal Protection Clause of the Iowa Constitution by refusing to grant him credit for time served under pretrial supervision when other defendants who remain in jail before trial are granted credit for time served. Kout primarily relies upon a district court decision from Pocahontas County where a similar criminal defendant was granted the credit Kout seeks.

"All laws of a general nature shall have a uniform operation; the general assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms shall not equally belong to all citizens." Iowa Const. art I, § 6. Our equal protection clause requires only that similarly situated people be treated alike. *Varnum v. Brien*, 763 N.W.2d 862, 882 (Iowa 2009). A demonstration that people are similarly situated is a threshold test; failure to make this showing requires no further consideration of the alleged equal protection violation. *Id.* Kout cannot pass this threshold test. Kout is not similarly situated to criminal defendants who are confined to jail prior to trial. As a defendant subject to a lower level of supervision before trial, he enjoyed greater freedoms than criminal defendants confined to jail. Having failed to pass this threshold requirement, we proceed no further with his equal protection claim.

### C.    Ineffective-Assistance

Kout claims his trial counsel provided ineffective assistance by failing to adequately argue his double jeopardy and cruel and unusual punishment claims under the United States Constitution.  We rarely address ineffective-assistance claims on direct appeal.  *See State v. Ondayog*, 722 N.W.2d 778, 786 (Iowa 2006).  The record provided does not allow us to assess the performance of Kout's trial counsel.  Finding the record insufficient to address the claim, we preserve Kout's arguments for postconviction relief.

**AFFIRMED.**