# IN THE COURT OF APPEALS OF IOWA

No. 18-1660
Filed January 9, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**VENHURE YOSEF TSEGAY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Wapello County, Lucy J. Gamon, Judge.

Defendant appeals his conviction for first-degree robbery. **AFFIRMED.**

Alfredo Parrish and Gina Messamer of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann, L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Doyle, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

Venhure Tsegay appeals his conviction for first-degree robbery. He claims his sentence of twenty-five years in prison should be considered cruel and unusual punishment because he was eighteen years old at the time of the offense. He also raises an equal protection challenge. We affirm Tsegay's conviction and sentence.

## I. Background Facts & Proceedings

Tsegay pled guilty to robbery in the first degree, a violation of Iowa Code section 711.2 (2016) and a class "B" felony. At the plea proceedings, Tsegay stated he and Calvin Luckett took marijuana and a cell phone from Christian Madueno while Luckett was armed with a handgun. Tsegay knew of the plan to rob Madueno and knew Luckett had a handgun. Tsegay pled guilty on a theory he aided and abetted the robbery. As part of the plea agreement, the State agreed to dismiss all other charges pending against Tsegay, including the other count contained in the trial information, murder in the first degree.

Prior to sentencing, Tsegay submitted a brief claiming the imposition of a mandatory minimum sentence in his case would be cruel and unusual punishment under the Iowa Constitution because he was eighteen years old at the time of the offense. The presentence investigation report noted Tsegay came to the United States with his parents as a refugee from Eritrea, Africa. Tsegay's attorney stated Tsegay had trouble acclimating to the United States and learning the language, causing him to fall into bad company.

The district court sentenced Tsegay to a term of imprisonment not to exceed twenty-five years, with a seventy percent mandatory minimum sentence. Tsegay now appeals his conviction and sentence.

**II.  Standard of Review**

When a defendant raises a constitutional challenge to a sentence, our review is de novo.  *State v. Ragland*, 836 N.W.2d 107, 113 (Iowa 2013).  An illegal sentence may be challenged at any time.  *State v. Bruegger*, 737 N.W.2d 862, 869 (Iowa 2009).

**III.  Merits**

Tsegay requests a review of a mandatory sentence.  In such review, we are mindful that in Iowa, "the sentencing process is not the sole province of the judiciary.  The legislature possesses the inherent power to prescribe punishment for crime, and the sentencing authority of the courts is subject to that power."  *State v. Iowa Dist. Ct.*, 308 N.W.2d 27, 30 (Iowa 1981).  The legislature's sanctions for criminal conduct are controlled by article I, section 17 of the Iowa Constitution.  The sanction for the charge of robbery in the first degree has been legislatively determined to be twenty-five years, with a seventy percent mandatory minimum.[1]  Iowa Code §§ 711.1-.2, 902.12 (2016).

**A.  Cruel and Unusual Sentence**

**i.  Categorical Challenge**

Tsegay first raises a categorical challenge, claiming the application of a mandatory minimum sentence to eighteen-year-old defendants is cruel and unusual punishment under article I, section 17 of the Iowa Constitution.  In *State v. Lyle*, 854 N.W.2d 378, 400 (Iowa 2014), the Iowa Supreme Court determined

---

[1]  For convictions occurring on or after July 1, 2018, the mandatory minimum for first-degree robbery is now one-half to seven-tenths of the maximum sentence. Iowa Code § 901.12(2A) (2019).  The offense in this case occurred in 2016, so the amendment to section 901.12 does not apply.

"all mandatory minimum sentences of imprisonment for youthful offenders are unconstitutional under the cruel and unusual punishment clause in article I, section 17 of our constitution." The holding in *Lyle* "has no application to sentencing law affecting adult offenders." 854 N.W.2d at 403. Tsegay asks to have the holding in *Lyle* extended to offenders who are eighteen years old.

The Iowa Supreme Court has stated, "the line between being a juvenile and an adult was drawn for cruel and unusual punishment purposes at eighteen years of age." *State v. Seats*, 865 N.W.2d 545, 556–57 (Iowa 2015). In *Lyle* and *Seats*, the court determined it does not violate the prohibition against cruel and unusual punishment to treat those offenders who are eighteen years old differently than those who are seventeen years old. *Id.*; *Lyle*, 854 N.W.2d at 403. Because the Iowa Supreme Court has addressed this issue, we do not further address Tsegay's categorical challenge to his sentence. *Figley v. W.S. Indus.*, 801 N.W.2d 602, 608 (Iowa 2011) ("[W]e are not at liberty to overturn precedent of our supreme court.").

### ii. As-applied challenge

Tsegay also claims the mandatory minimum sentence in his case is cruel and unusual as applied to him. He points out he came to the United States as a refugee, had little formal education, and spoke limited English. He states he "comes from an extremely disadvantaged background and an unstable upbringing." He states that because of his vulnerabilities he became part of a negative peer group. Tsegay asserts that he should receive a sentence that reflects his biological maturity and culpability.

In an "as-applied" challenge, we consider whether a sentence is grossly disproportionate to the offense. *State v. Oliver*, 812 N.W.2d 636, 647 (Iowa 2012).

We first consider "whether a defendant's sentence leads to an inference of gross disproportionality." *Id.* "This preliminary test involves a balancing of the gravity of the crime against the severity of the sentence." *Id.* (citation omitted). "If the sentence does not create an inference of gross disproportionality, then 'no further analysis is necessary.'" *Id.* at 650 (citation omitted). "[I]t is rare that a sentence will be so grossly disproportionate to the crime as to satisfy the threshold inquiry and warrant further review." *Id.*

"Based on the high 'risk of death or serious injury to persons present when first-degree robbery is committed,' this court has held that a twenty-five-year sentence for that crime is not grossly disproportionate, even though a defendant is required to serve [a mandatory minimum] percent of the maximum sentence." *State v. Musser*, 721 N.W.2d 734, 749–50 (Iowa 2006) (quoting *State v. Lara*, 580 N.W.2d 783, 785–86 (Iowa 2006)); *see also State v. Mubarak*, No. 17-2056, 2018 WL 5839848, at *3 (Iowa Ct. App. Nov. 7, 2018) (finding a twenty-five year sentence with a seventy percent mandatory minimum for first-degree robbery was not grossly disproportionate for a defendant who was eighteen years old at the time of the offense).

Because we find Tsegay's sentence for first-degree robbery, including the seventy percent mandatory minimum, does not create on inference of gross disproportionality to the offense, "no further analysis is necessary."[2] *See Oliver*,

---

[2] We are not required to address the second and third steps in this case. The second step compares "the challenged sentence to sentences for other crimes within the jurisdiction." *Oliver*, 812 N.W.2d at 647 (citation omitted). In the third step, the challenged sentence is compared to "sentences in other jurisdictions for the same or similar crimes." *Id.* (citation omitted).

812 N.W.2d at 650. We determine Tsegay has not shown the sentence as applied to him constitutes cruel and unusual punishment.

### B. Equal Protection

Tsegay contends the mandatory minimum sentence in this case violates his equal protection rights under article I, section 6 of the Iowa Constitution. He states the court should treat offenders who are eighteen the same as offenders who are seventeen. He claims the distinction between seventeen and eighteen year olds is "inevitably arbitrary." Tsegay asserts that under the equal protection clause he should be treated the same as offenders who are seventeen years old and there should be an individualized sentencing hearing on whether a minimum sentence should be imposed. *See Lyle*, 854 N.W.2d at 403–04.

In order to be successful, Tsegay would need to show he was similarly situated to juvenile offenders. *See State v. Kout*, 854 N.W.2d 706, 708 (Iowa Ct. App. 2014) ("A demonstration that people are similarly situated is a threshold test; failure to make this showing requires no further consideration of the alleged equal protection violation."). The Iowa Supreme Court has specifically stated, "[juveniles] are constitutionally different from adults for purposes of sentencing." *Lyle*, 854 N.W.2d at 395; *see also State v. Sweet*, 879 N.W.2d 811, 831 (Iowa 2016) ("The qualities that distinguish juveniles from adults do not disappear when an individual turns eighteen, but society has generally drawn the line at eighteen for the purposes of distinguishing juveniles from adults."); *State v. Hall*, No. 17-0570, 2018 WL 4635685, at *6 (Iowa Ct. App. Sept. 26, 2018) (denying an eighteen-year-old's challenge to his sentence of equal protection grounds).

Based on the current law in Iowa, Tsegay has not met the threshold test of showing he, as an eighteen-year-old, is similarly situated to an offender who is seventeen years old. Because Tsegay has failed to meet this threshold requirement, we find he has not shown his equal protection rights were violated. *See Kout*, 854 N.W.2d at 708.

We affirm Tsegay's conviction and sentence.

**AFFIRMED.**