# IN THE COURT OF APPEALS OF IOWA

No. 22-0047
Filed February 22, 2023

**BRADLY ANTHONY WOODS,**
    Plaintiff-Appellant,

**vs.**

**IOWA DISTRICT COURT FOR BLACK HAWK COUNTY,**
    Defendant-Appellee.
_____

Certiorari to the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

Bradly Anthony Woods was granted certiorari to challenge the constitutionality of the limited period of retroactivity of Iowa Code section 902.12(2A) (2019 Iowa Acts Ch 140, § 8). **WRIT ANNULLED.**

Thomas P. Frerichs, Adam Junaid, and Luke D. Guthrie of Frerichs Law Office, P.C., Waterloo, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Bower, C.J., Tabor, J., and Scott, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**SCOTT, Senior Judge.**

Bradly Anthony Woods was granted certiorari to challenge the constitutionality of the limited retroactivity period of Iowa Code section 902.12 (2019 Iowa Acts ch. 140, § 8, now codified at § 902.12(3)). Because Woods is not in fact similarly situated to the class of persons in the limited retroactive period, he fails to meet the threshold test of an equal-protection challenge. We annul the writ.

On December 7, 2009, Woods pleaded guilty to five counts of first-degree robbery, waived time for preparation of a presentence investigation report (PSI), and asked for immediate sentencing. The court imposed concurrent twenty-five-year terms of imprisonment. At that time, the applicable statute declared a person convicted of first-degree robbery "shall be denied parole or work release unless the person has served at least seven-tenths of the maximum term of the person's sentence." Iowa Code § 902.12(1)(e) (2009).

In May 2016, self-represented Woods filed an application to correct sentence, noting a recent amendment to Iowa Code section 902.12 allowed the imposition of a mandatory minimum term between fifty to seventy percent. The court denied the application.

The Iowa General Assembly later enacted Senate File 589, an omnibus criminal bill, which took effect July 1, 2019. The bill amended section 902.12 to include the following mandatory-minimum provision:

> A person serving a sentence for a conviction for robbery in the first degree in violation of section 711.2 for a conviction that occurs *on or after July 1, 2018*, shall be denied parole or work release until the person has served between one-half and seven-tenths of the maximum term of the person's sentence as determined under section 901.11, subsection 2A.

2019 Iowa Acts ch. 140, § 8 (now codified at Iowa Code § 902.12(3)) (emphasis added).

The same act created another new subsection:

> At the time of sentencing, the court shall determine when a person convicted of robbery in the first degree as described in section 902.12, subsection 2A, shall first become eligible for parole or work release within the parameters specified in section 902.12, subsection 2A, based upon all pertinent information including the person's criminal record, a validated risk assessment, and the negative impact the offense has had on the victim or other persons.

*Id.* ch. 140, § 6 (now codified at Iowa Code § 901.11(3)). The new provisions thus granted discretion on the sentencing court for those "serving a sentence for a conviction for robbery in the first degree . . . for a conviction that occurs on or after July 1, 2018."

On July 8, 2021, Woods filed a motion to reopen sentence, asserting the changes to sections 901.11 and 902.12 should be applied retroactively to all persons convicted of first-degree robbery and sentenced without the benefit of a valid risk assessement and presentence investigaton report.

A hearing was held on November 29 at which Woods was represented by counsel. Woods argued the legislature's enactment of limited retroactivity "provided a new avenue and a new—a new way to access the courts that didn't exist before now until that legislation was made partially retroactive" without legitimate reason. The defense asserted the right to access the courts is fundamental, so strict scrutiny applied and the State was required to provide a compelling interest to support the unequal treatment—not an arbitrary cut-off date.

The State argued there is a rational basis for the provision and strict scrutiny was not appropriate. The State asserted the one-year retroactivity is

consistent with the timing for motions for reconsideration. Those cases that were within that one year would have still been able to be under the jurisdiction of the court to be able to be reconsidered. We think that is a large distinction between a case that is three years old, five years old, ten years old. There is a distinction there as far as the court being able to have jurisdiction to be able to go back to those sentences due to the timing of that one-year period that the legislation issued—the legislature issued. So we do believe it is distinguishable by the court—by the Supreme Court or by the legislature as well when it made that ruling as far as when the courts could actually do that. So we do believe that that one-year period is distinguishable from longer periods of time by that as well.

The district court determined the rational-basis test was appropriate, and Woods failed to meet his burden to show there was no rational basis for the legislative determination that defendants convicted of robbery in the first degree prior to July 1, 2018, should be treated differently from those defendants convicted of robbery in the first degree after 2018. The court opined there were rational financial and administrative reasons for limiting "the creation of validated risk assessments for all person now serving a sentence" for first-degree robbery and resentencing them. The district court also ruled, "Access to the courts does not require a successful result, only a fair hearing. This court has heard defendant's arguments and made its determination herein. Defendant was allowed access to the court."

Woods appeals, asserting the limited retroactivity of section 902.12(3) violates his right to equal protection.

This court reviews constitutional claims de novo. *State v. Clayton*, 907 N.W.2d 824, 827 (Iowa Ct. App. 2017).

"The legislature possesses the inherent power to prescribe punishment for crime, and the sentencing authority of the courts is subject to that power." *State*

*v. Iowa Dist. Ct.*, 308 N.W.2d 27, 30 (Iowa 1981). It is solely the legislature's prerogative to set punishments that balance the State's interest in achieving certain penological interests with the State's other interests in the administration of criminal justice." *Id.*

"A fundamental principle of equal-protection law is 'that similarly-situated persons be treated alike.'" *State v. Dudley*, 766 N.W.2d 606, 615 (Iowa 2009) (citation omitted). Only where a statute "classifies individuals 'in terms of their ability to exercise a fundamental right or when it classifies or distinguishes persons by race or national origin'" is the statute "subject to strict-scrutiny analysis." *Wright v. Iowa Dep't of Corrections*, 747 N.W.2d 213, 216 (Iowa 2008) (citation omitted). "All other statutory classifications are subject to rational-basis review in which case the defendant must show the classification bears no rational relationship to a legitimate government interest." *Id.* The legislature's classification of a particular class is reasonable where it is "based upon some apparent difference in situation or circumstances of the subjects placed within one class or the other which establishes the necessity or propriety of distinction between them." A classification "does not deny equal protection simply because in practice it results in some inequality; practical problems of government permit rough accommodations . . . ." *State v. Mann*, 602 N.W.2d 785, 792 (Iowa 1999) (citation omitted).

The parties agree Woods falls outside the class section 902.12(3) identifies. "The 'threshold' test in any equal protection analysis is to determine whether the plaintiff is in fact similarly situated to the class of persons receiving differential treatment." *Clayton*, 907 N.W.2d at 828. Woods argues persons convicted of first-degree robbery prior to July 1, 2018, are similarly situated to any person convicted

of first-degree robbery on or after July 1, 2018, and before the July 1, 2019, effective date of the amended provision.  We cannot agree.

"Our goal is to 'ascertain and effectuate the true legislative intent.'"  *State v. Adams*, 810 N.W.2d 365, 369 (Iowa 2012) (citation omitted).  Here, the legislature clearly stated its intent to provide limited retroactive effect.  "When interpreting a statute, we will not look beyond the express terms of the statute if the text of the statute is plain and its meaning clear."  *Neal v. Annett Holdings, Inc.*, 814 N.W.2d 512, 519 (Iowa 2012).

Woods's conviction was final for many years before the effective date of the law.  "[O]ur case law recognizes finality as a material distinction between classes of defendants for the purposes of determining whether a change in law should be made retroactive."  *Clayton*, 907 N.W.2d at 828 (citing cases).  Woods is not similarly-situated to those defendants who were convicted during the one-year retroactive period.  Because Woods is not similarly situated to those defendants convicted on or after July 1, 2018, and before July 1, 2019, his equal protection argument fails.  "Having failed to pass this threshold requirement, we proceed no further with his equal protection claim."  *State v. Kout*, 854 N.W.2d 706, 708 (Iowa Ct. App. 2014).

**WRIT ANNULLED.**