## IN THE COURT OF APPEALS OF IOWA

No. 3-1256 / 13-0981
Filed July 16, 2014

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**CHAD JAY ROUSE,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Christopher L. McDonald, Judge.

A defendant appeals his judgment and sentence for serious injury by vehicle by reckless driving and operating a motor vehicle while under the influence. He claims the district court erred in finding that it had no discretion to suspend his sentence. **AFFIRMED.**

Timothy McCarthy II of McCarthy & Hamrock, P.C., West Des Moines, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, John P. Sarcone, County Attorney, and Kevin Bell, Assistant County Attorney, for appellee.

Heard by Vaitheswaran, P.J., Mullins, J., and Miller, S.J.* McDonald, J., takes no part.

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**VAITHESWARAN, P.J.**

We must decide whether the district court had authority to suspend a sentence.

## I.    Background Facts and Proceedings

The State charged Chad Rouse with (1) serious injury by vehicle and (2) operating a motor vehicle while under the influence (OWI).  Rouse entered an *Alford*[1] plea to both charges, which the district court accepted.

The court proceeded to address a motion to adjudicate law points filed by Rouse on whether the court had authority to suspend the judgment or sentence on the serious-injury-by-vehicle count.  The court found it had no authority to suspend the sentence.

The court adjudged Rouse guilty and sentenced him to a prison term not exceeding five years on the first count and one year on the second count, with the terms to be served concurrently.  This appeal followed.

## II.    Analysis

### A.  Statutory Analysis

Rouse contends the district court had discretion to suspend his sentence on the serious-injury-by-vehicle count and the court's interpretation of the pertinent statute raises constitutional concerns.  Rouse's contention requires a close examination of the provisions under which Rouse was charged and sentenced.

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (holding "express admission of guilt . . . is not a constitutional requisite to the imposition of [a] criminal penalty").

Rouse was charged under Iowa Code section 707.6A(4) (2013), which states: "A person commits a class 'D' felony when the person unintentionally causes a serious injury, as defined in section 321J.1, by any of the means described in subsection 1 or 2." The means described in subsection 1 require the operation of "a motor vehicle while intoxicated." Iowa Code § 707.6A(1). The means described in subsection 2 do not contain this element. The State relied on the means described in subsection 2 and, specifically, the means set forth in subsection 2(a): "driving a motor vehicle in a reckless manner with willful or wanton disregard for the safety of persons or property." Iowa Code § 707.6A(2)(a).

Rouse's sentence was governed, in part, by section 707.6A(7), which states:

> Notwithstanding the provisions of sections 901.5 and 907.3, the court shall not defer judgment or sentencing, or suspend execution of any part of the sentence applicable to the defendant for a violation of subsection 1, *or for a violation of subsection 4 involving the operation of a motor vehicle while intoxicated.*

Iowa Code § 707.6A(7) (emphasis added). The district court relied on this provision in declining to suspend his sentence for serious injury by vehicle.

Rouse focuses on the italicized language of section 707.6A(7). He concedes he entered an *Alford* plea to a violation of subsection 4 but argues, because the means by which he committed the violation does not include the element of operating a motor vehicle while intoxicated, the court possessed the authority to suspend his sentence.

The plain language of section 707.6A(7) undercuts Rouse's reading. *See State v. Wiederien*, 709 N.W.2d 538, 541 (Iowa 2006) ("We determine legislative

intent from the words chosen by the legislature, not what it should or might have said."). The provision disallows suspension of a sentence for a violation of subsection 4 "involving" operation of a motor vehicle while intoxicated. The term "involving" is broad, variously meaning "to relate," "to connect," and "to entail." *Webster's New Collegiate Dictionary* 604 (1981); *See Wiederien*, 709 N.W.2d at 541 ("Absent a statutory definition or an established meaning in the law, words in the statute are given their ordinary and common meaning by considering the context within which they are used."). Had the legislature intended to prohibit suspension of a sentence only where the means of committing serious injury by vehicle contained the element of operating a motor vehicle while intoxicated, the legislature could have worded section 707.6A(7) as follows: "the court shall not defer judgment or sentencing, or suspend execution of any part of the sentence applicable to the defendant . . . for a violation of subsection 4 *by the means described in subsection 1.*" *See* Iowa Code § 707.6A(7). The legislature's choice of broader language leads us to conclude that the prohibition of suspension contained in section 707.6A(7) is not limited to the means set forth in subsection 1.

Turning to the record, there is no question Rouse's crime of serious injury by vehicle "involved" operating a motor vehicle while intoxicated. First, Rouse was charged with OWI in connection with the same incident as the serious-injury-by-vehicle count. Second, he entered an *Alford* plea to OWI at the same time and in the same proceeding as his plea to serious injury by vehicle. Because his crime "involved" the operation of a motor vehicle while intoxicated, the district court lacked authority to suspend his sentence for serious injury by vehicle.

### B. Constitutional Analysis

In the alternative, Rouse argues that Iowa Code section 707.6A(7) "violates his right to equal protection as applied." This constitutional challenge was not raised in the district court. However, the Iowa Supreme Court has held that challenges to illegal sentences may be raised at any time and those challenges may include constitutional arguments asserting inherent flaws in the sentence. *See State v. Bruegger*, 773 N.W.2d 862, 871 (Iowa 2009) ("[A] challenge to an illegal sentence includes claims that the court lacked the power to impose the sentence or that the sentence itself is somehow inherently legally flawed, including claims that the sentence is outside the statutory bounds or that the sentence itself is unconstitutional."). While the court noted that sentencing challenges grounded in the Fourth, Fifth, and Sixth Amendments might require error preservation, the court simultaneously overruled its prior opinion holding that an equal protection challenge to a sentence was governed by our normal error preservation rules. *Id.* (overruling *State v. Ceaser*, 585 N.W.2d 192, 195 (Iowa 1998)). In light of *Breugger*, we conclude error preservation is not a concern. We proceed to the merits of Rouse's challenge.

"The Fourteenth Amendment to the United States Constitution and article I, section 6 of the Iowa Constitution provide individuals equal protection under the law. This principle requires that 'similarly situated persons be treated alike under the law.'" *State v. Wade*, 757 N.W.2d 618, 624 (Iowa 2008) (citation omitted).

Rouse contends section 707.6A(7) violates the equal protection clauses because a person found guilty of death by reckless driving under section 707.6A(2)(a) may have the sentence suspended, whereas a person convicted of

serious injury by reckless driving under section 707.6A(4) may not, despite the fact that death by reckless driving is a higher level crime. As appealing as this argument may appear, the Iowa Supreme Court has cautioned against focusing on the criminal classification of an offense in analyzing equal protection claims. *Wade*, 757 N.W.2d at 625. The court has insisted that the nature of the offense is controlling. *Id.*

In *State v. Kolbet*, 638 N.W.2d 653, 661 (Iowa 2001), the court addressed an equal protection challenge to the offenses delineated in section 707.6A. There, the defendant asserted that section 707.6A unconstitutionally discriminated "between perpetrators of different acts of homicide embraced with the statute." *Kolbet*, 638 N.W.2d at 661. The court disagreed, citing a Colorado opinion that pointed to the heightened public safety risk of driving while drunk versus reckless driving *Id.* (citing *People v. Loeser,* 981 P.2d 197, 199 (Colo. App. 1998)). To the extent *Kolbet* unequivocally rejected an equal protection challenge to the entirety of section 707.6, it is controlling. Based on *Kolbet*, we conclude section 707.6A(7) does not violate the equal protection clauses of the federal and state constitutions.

### III. Disposition

We affirm the district court's judgment and sentence.

**AFFIRMED.**