**IN THE COURT OF APPEALS OF IOWA**

No. 15-2074
Filed November 9, 2016

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MATTHEW SCHLACHTER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Franklin County, Peter B. Newell, District Associate Judge.

        A defendant appeals his conviction and sentence and asserts his counsel was ineffective. **AFFIRMED.**

        Mark C. Smith, State Appellate Defender, and Bradley M. Bender, Assistant Appellate Defender, for appellant.

        Thomas J. Miller, Attorney General, and Kristin A. Guddall, Assistant Attorney General, for appellee.

        Considered by Vogel, P.J., and Doyle and Bower, JJ.

**VOGEL, Presiding Judge.**

Matthew Schlachter appeals his conviction and sentence for serious injury by vehicle, in violation of Iowa Code section 707.6A(4) (2013), claiming his counsel was ineffective in allowing him to enter an *Alford*[1] plea without a factual basis and in failing to advocate for an appropriate sentencing recommendation. Schlachter also asserts the district court abused its discretion my pronouncing his sentence in accordance with a fixed policy.

I.      Background Facts and Proceedings

Around 2:30 p.m. on August 27, 2014, multiple 911 calls reported a black Chevrolet Colorado pickup truck driving at a high rate of speed and swerving through multiple lanes of traffic and onto the shoulder.  Shortly thereafter, Iowa State Patrol troopers and Franklin County Sheriff's deputies responded to an automobile crash involving multiple vehicles, including a black Chevrolet Colorado.  There were several serious injuries, including one driver who had to be life-flighted to the hospital and temporarily placed on a ventilator.

Two officers went to the hospital and made contact with Schlachter, who was the driver of the black Chevrolet Colorado.  Schlachter gave the officers permission to locate his driver's license in his jeans.  While looking for Schlachter's driver's license, the officers discovered a pipe that smelled of burnt marijuana and a baggie with a white powdery residue, later identified as methamphetamine.  The officers secured a search warrant allowing medical

---

[1] *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) (holding defendants may enter a guilty plea without an express admission of guilt).

personnel to collect urine and blood from Schlachter. Schlachter's specimens were positive for amphetamines and opiates.

On January 16, 2015, the State charged Schlachter with three counts of serious injury by vehicle. On October 19, 2015, after negotiations with the State, Schlachter entered an *Alford* plea to one count of serious injury by vehicle. The district court sentenced Schlachter to five years in prison. Schlachter appeals.

## II.      Standard of Review

We review claims of ineffective assistance of counsel de novo. *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001). We review sentences that fall within statutory limits for abuse of discretion. *State v. Seats*, 865 N.W.2d 545, 552 (Iowa 2015).

## III.     Ineffective Assistance of Counsel

Schlachter claims his counsel was ineffective in: (1) not filing a timely motion in arrest of judgment asserting there was not a factual basis to support his *Alford* plea and (2) failing to advocate for a deferred judgment or probation. The State argues Schlachter's counsel did not breach an essential duty in either respect. "Ordinarily, we do not decide ineffective-assistance-of-counsel claims on direct appeal. . . . However, we depart from this preference in cases where the record is adequate to evaluate the appellant's claim." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006) (citations omitted).

"In order to succeed on a claim of ineffective assistance of counsel, a defendant must prove: (1) counsel failed to perform an essential duty; and (2) prejudice resulted." *State v. Maxwell*, 743 N.W.2d 185, 195 (Iowa 2008). Both

prongs must be proved for Schlachter to succeed on his ineffective-assistance claim. *See id.*

Whether counsel failed to perform an essential duty is measured against the objective standard of a reasonably competent practitioner. *Id.* at 195–96. We begin with the presumption that counsel performed competently, and "this court 'avoid[s] second-guessing and hindsight.'" *Id.* at 196 (alteration in original) (quoting *Ledezma*, 626 N.W.2d at 142). Further, we analyze the claim based on the totality of the circumstances. *Id.* Strategic decisions made based on thorough investigation and reasonable professional judgments are "virtually unchallengeable." *Ledezma*, 626 N.W.2d at 143 (quoting *Strickland v. Washington*, 466 U.S. 668, 690–91 (1984)).

If counsel has been shown to have breached an essential duty, prejudice must be established by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

A.      Factual Basis for *Alford* Plea

Schlachter asserts there was no factual basis for his *Alford* plea and therefore, his counsel was ineffective in not filing a motion in arrest of judgment. Specifically, Schlachter claims the record failed to establish that a serious injury occurred. In determining whether a factual basis exists for an *Alford* plea, the district court may look to the entire record before it, including the trial information and the minutes of testimony. *State v. Schminkey*, 597 N.W.2d 785, 788 (Iowa 1999).

Upon our review of the record before the district court at the time of the plea, we conclude a factual basis existed for Schlachter's plea. The trial information asserted Schlachter caused a serious injury.[2] Additionally, the minutes of testimony included several officers who would testify to the contents of their various reports, which were included as exhibits with the minutes of testimony. Parts of these reports discussed the injuries sustained by one of the drivers as requiring a ventilator and being "serious life-threatening injuries." Further, the driver who was injured was also listed in the minutes of testimony as a witness to the injuries, and we believe it is common knowledge that injuries requiring a "life-flight" and use of a ventilator are serious.[3] Taking this record as a whole, a factual basis existed for Schlachter's *Alford* plea. Because we so conclude, we necessarily find Schlachter's counsel did not breach an essential duty by failing to file a motion in arrest of judgment based on the lack of a factual basis.

---

[2] For the purposes of section 707.6A(4), "serious injury" is defined under section 702.18, which provides in part:

  1. "Serious injury" means any of the following:
      a. Disabling mental illness.
      b. Bodily injury which does any of the following:
          (1) Creates a substantial risk of death.
          (2) Causes serious permanent disfigurement.
          (3) Causes protracted loss or impairment of the function of any bodily member or organ.
      c. Any injury to a child that requires surgical repair and necessitates the administration of general anesthesia.

[3] *See Rhoades v. State*, 848 N.W.2d 22, 29 (Iowa 2014) ("We have also allowed the court to take judicial notice of well-known facts to establish a factual basis." (citing *State v. Keene*, 629 N.W.2d 360, 366 (Iowa 2011) (accepting "the well-known fact of the risk of transmission of the HIV through unprotected sexual intercourse"))).

B.      Sentence Recommendation

Next, Schlachter claims his counsel was ineffective in advocating for placement in an OWI continuum—which Schlachter was not eligible for—rather than advocating for a deferred judgment, suspended sentence, or probation under section 907.3.  The State counters that even assuming Schlachter's counsel was ineffective in so doing, Schlachter suffered no prejudice.  We agree.

Section 707.6A(7) provides:

> Notwithstanding the provisions of sections 901.5 and 907.3, the court shall not defer judgment or sentencing, or suspend execution of any part of the sentence applicable to the defendant for a violation of subsection 1, or for a violation of subsection 4 involving the operation of a motor vehicle while intoxicated.

Based on Schlachter's blood test results, his violation of section 707.6A(4) involved the operation of a motor vehicle while intoxicated, and a deferred judgment, a suspended sentence, or probation was not available to him.  *See State v. Rouse*, 858 N.W.2d 23, 25 (Iowa Ct. App. 2014) (holding section 707.6A(7) "disallows suspension of a sentence for a violation of subsection 4 'involving' operation of a motor vehicle while intoxicated").  The district court did not have the option to sentence Schlachter to the recommendations Schlachter now claims his counsel should have made.  Therefore, any breach of duty in failing to advocate for other sentencing options did not prejudice Schlachter.  *See Strickland*, 466 U.S. at 694.  Schlachter's claim of ineffective assistance of counsel fails.  *See State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011) ("We will not find counsel incompetent for failing to pursue a meritless issue.").

IV.     Sentencing

Lastly, Schlachter claims the district court abused its discretion in sentencing him based on a fixed policy, rather than an independent consideration of the appropriate sentencing factors.

In applying its discretion, the district court is required to "consider all pertinent matters in determining proper sentence, including the nature of the offense, the attending circumstances, defendant's age, character and propensities and chances of his reform." *State v. Cupples*, 152 N.W.2d 277, 280 (Iowa 1967). Before pronouncing its sentence, the district court reviewed the presentence report, heard argument from Schlachter's counsel and from Schlachter, and stated: "However, again, because of the nature of this offense, because of the injuries that were involved, I think that the recommendation of the Presentence Investigation is appropriate. I think there are some offenses that are so serious that they require incarceration." The court explicitly stated it appreciated Schlachter's employment and family situation but then considered the nature of the offense and attending circumstances, such as the injuries involved. While the court could have articulated the determinative sentencing factors more broadly, it had little discretion but to impose a sentence of incarceration for a conviction under Iowa Code section 707.6A(4). Based on the considerations revealed in this record, we conclude the district court did not abuse its discretion by employing a fixed sentencing policy when it sentenced Schlachter.

V.     Conclusion

Because we conclude Schlachter's counsel was not ineffective and because we conclude the district court did not abuse its discretion in determining the sentence, we affirm Schlachter's conviction and sentence.

**AFFIRMED.**